IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,<br><br>Plaintiffs,<br><br>vs.<br><br>YASIN ABDULAHAD,<br><br>Defendant.<br>_____ | *<br>*<br>*<br>*<br>*<br>*     CIVIL ACTION FILE<br>*     NO. _____<br>*<br>*<br>*  A JURY TRIAL IS DEMANDED<br>*<br>* |

## COMPLAINT FOR DAMAGES ARISING FROM SHOOTING DEATH

COMES NOW Plaintiff and presents this Complaint for Damages arising from the shooting death of Deaundre Phillips on the evening of January 26, 2017.

PARTIES

1. Plaintiff Deaunna Phillips is a minor child; she is a Citizen of the United States and a resident of the State of Georgia.  Sparkle Stidwell is Plaintiff's mother; Deaundre Phillips was Plaintiff's father.  Stidwell presents Plaintiff's claims as next friend.

2. Defendant Yasin Abdulahad is an adult Citizen of the United States. Abdulahad is currently employed as a police officer by the City of Atlanta.  He is

-1-

sued in his individual capacity.  At all times pertinent to the events descried in this Complaint, the Defendant was employed by the City of Atlanta as a police officer.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of the claims presented by this action via 28 U.S.C. 1331 because this case presents a federal question under 42 U.S.C. 1983, i.e., a question of whether the actions of the Defendant constituted, among other things, a violation of the Fourth Amendment of the Constitution of the United States.

4. Upon service of process, this Court will have acquired personal jurisdiction of the Defendant by operation of Fed. R. Civ. P. 4(k)(1)(a).

5. Venue is proper in the Northern District of Georgia under 28 U.S.C. 1391(b) because all the actions complained from herein occurred within the boundaries of this District.

## STATEMENT OF FACTS

6. On the evening of January 26, 2017, Deaundre Phillips [Phillips] was shot and killed by a bullet fired from a weapon used by Yasin Abdulahad.

7. Phillips was twenty-four years old on the evening of his death.

8. Prior to his death that evening, Phillips rode in a vehicle operated by a friend of his.

9. Phillips rode with his friend to the building known as the Atlanta Public Safety Annex, located at 3493 Donald Lee Hollowell Pkwy. NW, Atlanta, GA 30331.

10. The Atlanta Public Safety Annex building houses offices used for certain operations of the City of Atlanta Police Department.

11. Phillips' friend drove his vehicle into the parking lot and parked.

12. The vehicle was parked in a spot designated for public parking.

13. Phillips friend intended to obtain certain paperwork inside of the building; he left the vehicle to do so.

14. After Phillips' friend went into the building, Phillips waited in the vehicle, seated in the front passenger seat.

15. The keys to the vehicle were in the ignition.

16. Abdulahad drove his vehicle into the parking lot.

17. Abdulahad was a sworn police officer, working for the City of Atlanta.

18. Abdulahad was not in uniform; he was wearing plain clothes.

19. Abdulahad's vehicle was a red sports car.  The sports car did not have any marking on the exterior of the vehicle reflecting that it was being operated by police officers.

20. Abdulahad and one other person were riding in the Abdulahad's vehicle.

21. Abdulahad operated his vehicle into the parking lot where he parked parallel to, and close to, the car in which Phillips was seated.

22. Abdulahad exited his vehicle.

23. At the time that Abdulahad exited his vehicle:

a. He had no prior personal knowledge about Mr. Phillips.

b. He did not have any facts upon which to form an opinion to the effect that Phillips presence in the parking lot was unauthorized

c. He had never been provided any information specifically about Mr. Phillips by any other person.

d. He had no knowledge of any prior arrests or convictions of Mr. Phillips.

e. He had no knowledge of the existence of any outstanding warrants for the arrest of Mr. Phillips nor were there any such warrants.

f. He did not have any knowledge of the contents of the car in which Phillips was seated.

g. He did not have any knowledge of any facts concerning whether there was any weapon of any kind in the car in which Phillips was seated.

h. He did not have knowledge of any facts concerning where Phillips had been that evening at any point in time prior to Abdulahad's seeing Phillips seated

in the car.

24. After exiting his car, Abdulahad walked to the passenger side of the vehicle in which Phillips was seated.

25. Abdulahad spoke to Phillips.

26. Abdulahad demanded that Phillips get out of the car.

27. Phillips did not get out of the car.

28. Phillips did not make any statement to Abdulahad consisting of words threatening harm to Abdulahad.

29. Abdulahad demanded entry into Phillips car; Abdulahad opened the door.

30. Not knowing the identity of Abdulahad and fearing for his own personal safety, Phillips moved his body away from Abdulahad and positioned himself into the driver's seat of the vehicle.

31. Abdulahad entered the vehicle in which Phillips was seated and removed his firearm from his holster, and directed the barrel of the firearm at Phillips.

32. Abdulahad demanded that Phillips get out of the car.

33. At the time that Abdulahad demanded that Phillips get out of the car and pointed the barrel of his weapon at Phillips, Phillips had not made any threatening

statement to Abdulahad nor to any other person. Phillips had not engaged in any aggressive act toward Abdulahad nor any other person prior to the time that Abdulahad entered the Phillips' vehicle.

34. Abdulahad fired a bullet from his weapon into Phillips head, killing him.

35. Prior to discharging his firearm, Abdulahad was not injured by any conduct of Phillips.

36. After the discharge of his firearm, Abdulahad was not injured by any conduct of Phillips.

37. Following the shooting death of Phillips, Abdulahad reported his version of the circumstances immediately preceding the shooting.

38. Abdulahad stated that Mr. Phillips was seated in the driver's seat of the vehicle when the Abdulahad first encountered him. That statement was not then and is not now accurate.

39. Abdulahad stated that when Phillips began to drive the car out of its parking spot, that Abdulahad was outside of the car. That statement was not then and is not now accurate.

40. Defendant stated that when Phillips began to drive the car, that Defendant was hanging onto the exterior of the car. That statement was not then

and is not now accurate.

41. Abdulahad stated that when Phillips drove the car, that Abdulahad was being dragged while hanging onto the car. That statement was then not and is not now accurate.

42. Abdulahad stated that he was hanging out of the vehicle when he fired his gun at Phillips. That statement was not then and is not now accurate.

43. As a direct result of Abdulahad's conduct, Phillips endured pain and suffering immediately before his final demise and was killed.

## CAUSES OF ACTION

44. The actions of the Defendant constituted a breach of the guarantee of the Fourth Amendment to the Constitution of the United States – said actions being both an unreasonable search and seizure.

## PRAYER FOR RELIEF

For and upon the foregoing, Plaintiff prays that this Court:

WHEREFORE, the Plaintiff prays:

a. That a jury trial be convened as to all issues so triable;

b. That she recover compensatory damages in an amount sufficient to compensate her for the full value of the life of Mr. Phillips;

    c. That she recover damages for the conscious pain and suffering endured by Phillips prior to his ultimate death as well as any other expenses associated with his death that are recoverable by law;

    d. that she be awarded such other and further relief this Court deems just and proper.

    e. A JURY TRIAL IS DEMANDED

                                        S/ G. BRIAN SPEARS
                                        Bar No. 670112
                                        Attorney for Plaintiffs

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com

                                        S/ L. CHRIS STEWART
                                        Bar No. 142289
                                        Attorney for Plaintiffs

Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182
Atlanta, GA 30318
Tele: 844-874-2500
Email: cstewart@stewarttrial.com