## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,** | ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| | ) **1:19-cv-00401-MHC** |
| **v.** | ) |
| | ) |
| **YASIN ABDULAHAD,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES ARISING FROM SHOOTING DEATH

**COMES NOW**, Defendant Yasin Abdulahad (hereinafter "Investigator Abdulahad") and hereby responds to Plaintiff's Complaint for Damages Arising from Shooting Death (hereinafter "Complaint") as follows:

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim for which relief may be granted by this Court.

1

Second Defense

All actions taken by the Investigator Abdulahad were pursuant to the City of Atlanta's Charter and Code of Ordinances, the laws of the State of Georgia, and the laws of the United States of America.

Third Defense

At all times relevant to Plaintiff in this case, the actions of Investigator Abdulahad were taken in good faith and said actions were reasonable, proper and necessary under the circumstances.

Fourth Defense

At all times relevant to the Complaint in this case, the actions of Investigator Abdulahad were taken in the good faith exercise of his duties and responsibilities as imposed by law.

Fifth Defense

Investigator Abdulahad is entitled to qualified and official immunity.

Sixth Defense

Any alleged injuries or damages sustained by Plaintiff were the result of an act or omission of other persons or entities over whom Investigator Abdulahad has no control or responsibility and, therefore, Plaintiff is not entitled to recover.

2

<u>Seventh Defense</u>

Any alleged injury to Plaintiff was not proximately caused by the conduct of Investigator Abdulahad.

<u>Eighth Defense</u>

Investigator Abdulahad did not take any action to deprive Plaintiff or the Decedent of any right, privilege, freedom or immunity secured by the Constitution or laws of the United States, the Constitution or laws of the State of Georgia, of the Charter or Code of Ordinances of the City of Atlanta.

Investigator Abdulahad responds to each and every allegation of Plaintiff's Complaint as follows:

**PARTIES**

1.

Paragraph 1 contains no factual allegations against Investigator Abdulahad, therefore, no response by Investigator Abdulahad is required. To the extent a response it required, Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 1.

2.

Investigator Abdulahad admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

### 3.

Paragraph 3 contains legal conclusions to which no response by Investigator Abdulahad is required. To the extent that a response is required, Investigator Abdulahad admits that jurisdiction is properly before this court.

### 4.

Paragraph 4 contains legal conclusions to which no response by Investigator Abdulahad is required.

### 5.

Investigator Abdulahad admits the allegations contained in paragraph 5.

## STATEMENT OF FACTS

### 6.

Investigator Abdulahad admits the allegations contained in paragraph 6. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 6, those statements are denied.

### 7.

Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 7.

8.

Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 8.

9.

Investigator Abdulahad admits that Deaundre Phillips ("Phillips") was located at 3493 Donald Lee Hollowell Pkwy NW, Atlanta, GA 30331 when Investigator Abdulahad encountered him. Investigator Abdulahad is without sufficient information to either confirm or deny the remaining allegations contained in Paragraph 9.

10.

Investigator Abdulahad admits the allegations contained in paragraph 10.

11.

Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 11.

12.

Investigator Abdulahad admits the allegations contained in paragraph 12.

13.

Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 13.

14.

Investigator Abdulahad is without sufficient information to either confirm or deny the allegations contained in Paragraph 14.

15.

Investigator Abdulahad admits the allegations contained in paragraph 15.

16.

Investigator Abdulahad states that the vehicle that he drove on January 26, 2017 was a vehicle rented by the City of Atlanta to operate as an unmarked police vehicle. Subject to the foregoing clarification, Officer Abdulahad admits the allegations contained in paragraph 16. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 16, those statements are denied.

17.

Investigator Abdulahad admits the allegations contained in paragraph 17.

18.

Investigator Abdulahad denies Paragraph 18 on the grounds that "in uniform" is not a defined term. Investigator Abdulahad further states that at all times relevant to the incident complained of in Plaintiff's Complaint, Investigator Abdulahad wore a visible badge and work identification around his neck.

19.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad admits the allegations contained in paragraph 19.   To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 19, those statements are denied.

20.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad admits the allegations contained in paragraph 20.   To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 20, those statements are denied.

21.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad admits the allegations contained in paragraph 21.   To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 21, those statements are denied.

22.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad admits the allegations contained in paragraph

22. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 22, those statements are denied.

23.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad states the following:

a. Investigator Abdulahad admits the allegations contained in paragraph 23 (a).

b. Investigator Abdulahad admits the allegations contained in paragraph 23 (b).

c. Investigator Abdulahad admits the allegations contained in paragraph 23 (c).

d. Investigator Abdulahad admits the allegations contained in paragraph 23 (d).

e. Paragraph 23(e) is admitted in part. At the time that Investigator Abdulahad exited his vehicle, he had no knowledge of the existence of any outstanding warrants for the arrest of Phillips. However, Investigator Abdulahad can confirm that he subsequently learned that Phillips did have at least one outstanding warrant for his arrest at the time that Investigator Abdulahad exited his vehicle.

f. Investigator Abdulahad denies Paragraph 23(f) on the grounds that "contents" is not a defined term. Investigator Abdulahad further states that upon exiting his car, he smelled the strong odor of marijuana emanating from the car in which Phillips was an occupant.

g. Investigator Abdulahad admits the allegations contained in paragraph 23 (g).

h. Investigator Abdulahad admits the allegations contained in paragraph 23 (h).

To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 23(a)-(h), those statements are denied.

24.

Subject to the statement made in Paragraph 16 concerning the ownership of the vehicle, Investigator Abdulahad admits the allegations contained in paragraph 24.

25.

Investigator Abdulahad admits the allegations contained in paragraph 25.

26.

Investigator Abdulahad denies the allegations contained in paragraph 26.

9

27.

Investigator Abdulahad denies the allegations contained in paragraph 27. Investigator Abdulahad states that Phillips exited the vehicle and explained that he had been smoking marijuana earlier in the day but was not currently smoking marijuana ("weed").

28.

Investigator Abdulahad admits the allegations contained in paragraph 28. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 28, those statements are denied.

29.

Investigator Abdulahad denies the allegations contained in paragraph 29.

30.

Investigator Abdulahad denies the allegations contained in paragraph 30.

31.

Investigator Abdulahad denies the allegations contained in paragraph 31 as stated.

32.

Investigator Abdulahad denies the allegations contained in paragraph 32.

33.

Investigator Abdulahad denies the allegations contained in paragraph 33 as stated.

34.

Investigator Abdulahad denies the allegations contained in paragraph 34 as stated.  Investigator Abdulahad states that he fired one round in the direction of Phillips.

35.

Investigator Abdulahad denies the allegations contained in paragraph 35.

36.

Investigator Abdulahad denies the allegations contained in paragraph 36.

37.

Investigator Abdulahad admits the allegations contained in paragraph 37.

38.

Investigator Abdulahad denies the allegations contained in paragraph 38.

39.

Investigator Abdulahad denies the allegations contained in paragraph 39.

40.

Investigator Abdulahad denies the allegations contained in paragraph 40.

41.

Investigator Abdulahad denies the allegations contained in paragraph 41.

42.

Investigator Abdulahad denies the allegations contained in paragraph 42.

43.

Investigator Abdulahad denies the allegations contained in paragraph 43.

**CAUSE OF ACTION**

44.

Investigator Abdulahad denies the allegations contained in paragraph 44.

**WHEREFORE**, any other allegation contained in any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by Investigator Abdulahad.  Investigator Abdulahad further denies liability to the Plaintiff in any manner or that the Plaintiff is entitled to any relief as prayed for in Plaintiff's prayer for relief.

**WHEREFORE**, having fully answered within the time prescribed by law, Defendant prays that all of the Plaintiff's claims be dismissed with prejudice and all costs associated with this action be cast upon the Plaintiff.

Respectfully submitted, this 19th day of February, 2019.

By: */s/ Staci J. Miller*
**ALISHA I. WYATT-BULLMAN**
Senior Assistant City Attorney
Georgia Bar No. 189850
aiwyattbullman@atlantaga.gov
(404) 546-4125 *direct*

**STACI J. MILLER**
Associate City Attorney
Georgia Bar No. 601594
sjmiller@AtlantaGa.Gov
(404) 546-4083 *direct*
***Attorneys for Defendant***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

13

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and** | ) |
| **through her Mother, SPARKLE STIDWELL,** | ) |
| **as next friend,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| | ) **1:19-cv-00401-MHC** |
| **v.** | ) |
| | ) |
| **YASIN ABDULAHAD,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATION

Counsel for City Defendants certifies that this ANSWER has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

This <u>19th</u> day of February, 2019.

*By: /s/ Alisha I. Wyatt-Bullman*
**ALISHA I. WYATT-BULLMAN**
Senior Assistant City Attorney
Georgia Bar No. 189850
*Attorneys for Defendants*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4125 *direct*
aiwyattbullman@atlantaga.gov

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,** | ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| | ) **1:19-cv-00401-MHC** |
| **v.** | ) |
| | ) |
| **YASIN ABDULAHAD,** | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the **DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES ARISING FROM SHOOTING DEATH** upon counsel listed below by e-file and by depositing a copy of the same in the United States Mail with proper postage affixed thereon to ensure delivery as follows:

**G. BRIAN SPEARS, ESQ.**
**1126 Ponce de Leon Avenue, NE**
**Atlanta, GA 30306**

**L. CHRIS STEWART, ESQ.**
**Stewart Trial Attorneys**
**2020 Howell Mill Road, NW**
**Suite D-182**
**Atlanta, GA 30318**

*[SIGNATURE ON FOLLOWING PAGE]*

15

This 19<u>th</u> day of February, 2019.

        Respectfully Submitted,

<u>By: */s/ Staci J. Miller*</u>
**STACI J. MILLER**
Associate City Attorney
Georgia Bar No. 601594
sjmiller@AtlantaGa.Gov
(404) 546-4083 *direct*
***Attorneys for Defendant***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4125 *direct*
aiwyattbullman@atlantaga.gov

16