IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,<br><br>Plaintiffs,<br><br>vs.<br><br>YASIN ABDULAHAD,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   CIVIL ACTION FILE<br>*   NO. 1:19-cv-00401-MHC<br>*<br>*<br>*<br>*<br>* |

## **PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is an action brought by the surviving minor child of Deaundre Phillips, Deaunna Phillips, by and through her mother, Sparkle Stidwell, under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the Fourth Amendments to the Constitution of

1

the United States of America and seeking monetary damages from Atlanta Police Department Officer Yasin Abdulahad.

Factual Outline:

On the evening of January 26, 2017, 24 year old Deaundre Phillips [Phillips] was shot and killed by a bullet fired from a weapon used by Yasin Abdulahad [Abdulahad].

Prior to his death, Phillips was a passenger in a motor vehicle operated by his friend as the car entered into a City of Atlanta parking lot. Phillips rode with his friend to the building known as the Atlanta Public Safety Annex, located at 3493 Donald Lee Hollowell Pkwy. NW, Atlanta, GA 30331.

Phillips' friend drove his vehicle into the parking lot and parked. After Phillips' friend went into the building, Phillips waited in the vehicle, seated in the front passenger seat.  The keys to the vehicle were in the ignition.

Abdulahad drove his vehicle into the parking lot.  Abdulahad was [and remains] a sworn police officer, working for the City of Atlanta.

Abdulahad was not in uniform; he was wearing plain clothes. Abdulahad's vehicle was a red sports car.  The sports car did not have any

marking on the exterior of the vehicle reflecting that it was being operated by police officers.

When Abdulahad drove into the parking lot he parked parallel to, and close to, the car in which Phillips was seated. Abdulahad exited his vehicle. At the time that Abdulahad exited his vehicle:

a. He had no prior personal knowledge about Mr. Phillips.

b. He did not have any facts upon which to form an opinion to the effect that Phillips presence in the parking lot was unauthorized

c. He had never been provided any information specifically about Mr. Phillips by any other person.

d. He had no knowledge of any prior arrests or convictions of Mr. Phillips.

e. He had no knowledge of the existence of any outstanding warrants for the arrest of Mr. Phillips nor were there any such warrants.

f. He did not have any knowledge of the contents of the car in which Phillips was seated.

g. He did not have any knowledge of any facts concerning whether there was any weapon of any kind in the car in which Phillips was seated.

h. He did not have knowledge of any facts concerning where Phillips

had been that evening at any point in time prior to Abdulahad's seeing Phillips seated in the car.

Abdulahad walked to the passenger side of the vehicle in which Phillips was seated and spoke to Phillips. Abdulahad demanded that Phillips get out of the car. When Phillips did not do so, Abdulahad demanded entry into Phillips car and opened the door.

Not knowing the identity of Abdulahad and fearing for his own personal safety, Phillips moved his body away from Abdulahad and positioned himself into the driver's seat of the vehicle. Abdulahad entered the vehicle in which Phillips was seated, removed his firearm from his holster, and pointed the firearm at Phillips.

Abdulahad demanded that Phillips get out of the car. Abdulahad fired a bullet from his weapon into Phillips head, killing him.

Statement of Legal Issues:

a. Whether the actions of the Defendant constituted, among other things, a violation of the Fourth Amendment of the Constitution of the United States.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Among the statutes and case law applicable to this action are the following:

Federal Constitutional and Statutory Provisions

Fourth Amendment to the Constitution of the United States

42 U.S.C. § 1983

*Gilmere v. City of Atlanta*, 774 F.2d 1495, 1501 (11th Cir. 1985)

*Tennessee v. Garner*, 471 U.S. 1 (1985)

*Graham v. Connor*, 490 U.S. 386 (1989)

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of

5

Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiff has not made a determination as to expert witnesses. This response will be supplemented as required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Georgia.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of

6

injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

The categories of damages included within the Plaintiff's Complaint are the following:

a. Compensatory damages in an amount sufficient to compensate Plaintiff for the full value of the life of Mr. Phillips;

b. Damages for the conscious pain and suffering endured by Mr. Phillips prior to his ultimate death as well as any other expenses associated with his death that are recoverable by law.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which *may* be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment F.)

Plaintiff is not in possession of any such documentation.

(8) Disclose the full name, address, and telephone number of all

persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

There is no known person or legal entity having a subrogation interest in the cause of action set forth in Plaintiff's cause of action.

Submitted this 8th day of April, 2019.

                                                   S/ G. BRIAN SPEARS
                                                   Bar No. 670112
                                                   Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:   (404) 892-1128
Email: Bspears@mindspring.com

                                                   S/ L. Chris Stewart
                                                   Bar No. 142289
                                                   Attorney for Plaintiff

Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182
Atlanta, GA 30318
Tele: (844) 874-2500
Email: cstewart@stewarttrial.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will cause service by electronic mail to the following attorneys of record:

Alisha Irene Wyatt-Bullman
Staci J. Miller
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520

L. Chris Stewart
Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182
Atlanta, GA 30318

                                              S/ G. BRIAN SPEARS
                                              Bar No. 670112
                                              Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com