AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| SPARKLE STIDWELL<br>*Plaintiff*<br>v.<br>YASIN ABDULAHAD<br>*Defendant* | Civil Action No. 1:19-cv-401-MHC |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fulton County District Attorney's Office
141 Pryor Street SW
Atlanta, GA 30303

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment #2

| Place: Spears & Filipovits, LLC<br>1126 Ponce de Leon Ave.<br>Atlanta, GA 30306 | Date and Time:<br>January 18, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 7, 2021

*CLERK OF COURT*

OR

_____     /s/Brian Spears
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sparkle Stidwell , who issues or requests this subpoena, are:
Brian Spears, 1126 Ponce de Leon Ave., Atlanta, GA 30306, brian@civil-rights.law, 404-872-7086

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Stidwell v. Abdulahad*
1:19-cv-401-MHC
Subpoena Duces Tecum Attachment #2

With reference to the investigation of the Fulton County District Attorney's Office, Case Number 17-OIS-0355, [or any other investigation conducted by the Fulton County District Attorney's Office pertaining to the shooting death of Deaundre Phillips by Officer Yasin Abdulahad] produce the following:

1. A copy of each statement taken or received from any witness to the incident wherein the Defendant shot Mr. Phillips and statement taken or received from any witness to the investigation of the incident.

2. Photographs of the scene of the shooting, including but not limited to the exterior and interior of the vehicle in which Phillips was shot, and including

> Photographs and measurement of bullet holes;
> Photographs and documentation of all patterns and wounds;
> Determination and documentation of bullet impact sites and their direction
> Determination and documentation of gunshot residue pattern evidence on Phillips body and clothing and on the person or clothing of the Defendant;
> Location and documentation of all spent bullets and casings;
> Location and documentation of all involved weapons;
> Photographs and documentation of all bloodstain patterns.

3. Material received or secured by any investigative personnel from or about the Defendant on the occasion of the incident involving the shooting of Mr. Phillips including, but not limited to: weapons and ammunition; hand swabs for gunshot residue; clothing and shoes; statements related to the incident.

4. Material received or secured by any investigative personnel from or concerning the remains of the decedent including but not limited to: clothing and shoes; blood patterns and gunshot residue patterns; gunshot hand swabs; gunshot wounds and other injury patterns; medical and autopsy reports and photos; toxicology reports.

5. Material received or secured by any investigative personnel from or concerning

the scene of the incident involving the shooting of Mr. Phillips including, but not limited to: bloodstains and their patterns; body position and location; bullets, casings and fragments; bullet trajectory; fingerprints, show prints and other imprint evidence; motor vehicle parts; the Event Data Recorder [also known as the "black box"] from the motor vehicle in which Phillips was located at the time that he was shot; tire tracks.

6. Reports of or documentation of any reconstruction or re-enactment activities relating to the incident or the investigation of the incident.

7. Documentation of each and every person who was allowed into the incident scene area following the shooting, including the name and contact information for each person who was detailed to be responsible for the monitoring of the crime scene area while investigative efforts were being conducted at the scene the night of the shooting.

8. All Laboratory Analyses of the cartridge cases/shells found at the scene.

9. All analyses of the weapon used by the Defendant to shoot Mr. Phillips including, but not limited to, any analysis of the functionality of the weapon, the mechanisms of the weapon.

10. All analyses of the weapon alleged by Abdulahad and/or Detective Roberson and/or other law enforcement personnel to have been found in the floorboard of the vehicle in which Phillips was located at the time that he was shot.

11. All analyses of the gunshot residue [GSR] from the muzzle of the weapon fired by Defendant Abdulahad, powder particles on target surface, such as skin, body, wound, clothing.

12. All analyses of GSR from cylinder gap including GSR particles on hands, clothing and all GSR particles identification.

13. Provide the results of the inspection of or evaluation of the following for bloodstain pattern and tissue examination: tissue, blood deposits on officer's clothing; tissue, blood deposits on decedent's clothing; tissue, blood deposits on

weapons; blood flows and drip patterns on body; high velocity blood spatters on hands or on interior or exterior of the vehicle [in which Phillips was shot]; high velocity blood spatters on arms.

14. Provide a copy of all documents, images and recordings associated with or arising from the forensic medical examination performed on Mr. Phillips including, but not limited to, the forensic pathologist report, the tissue sample testing, all blood or other fluid sampling and testing.

15. A copy of any and all documents reflecting the results of each and any of the following types of analyses: Wound pattern analysis
    Distance estimation
    Blood spatter pattern analysis
    GSR pattern determination
    Gunshot wound pattern analysis
    Trajectory determination
    Casing ejection pattern analysis
    Bullet damage and ricochet pattern
    Location and position of police officer at time of discharge of firearm
    Location and position of decedent at the time of discharge of firearm
    The sequence of the shooting event

16. Copies of any and all video and audio recordings of any of the circumstances of Defendant Abdulahad's encounter with Mr. Phillips, prior to and following the shooting, including any and all channels of communication and recording available to the Atlanta Police Department and including the video feed of any and all video cameras which were operational at the Annex during the incident.

17. Records which reflect or contain information pertaining to the following: circumstances in which Phillips was encountered; the names and ranks of all officers involved at the scene; the identities of all persons who have had access to the shooting scene including emergency medical service personnel and firefighters; the time of dispatch and arrival of any back up officers; the clothing worn by the Defendant officer at the time of the shooting.

18. Produce the clothing worn by Defendant Abdulahad at the time of the

shooting.

19. Produce any and all statements, whether written or recorded, taken from any person during the course of the investigation into the circumstances surrounding the shooting of Mr. Phillips.

20. Produce a copy of each record concerning or describing a re-enactment of part or all of the incident of January 26, 2017, involving Yasin Abdulahad and Deaundre Phillips.

21. Produce a copy of each photographic or video image of the incident of January 26, 2017, which involved Yasin Abdulahad and Deaundre Phillips and each photographic or video image taken during the course of the investigation [by any person or entity] into the facts and circumstances surrounding the incident of January 26, 2017.

22. Produce a copy of any record or document that contains any report of or allegation of "gang membership" or affiliation on the part of Deaundre Phillips.