IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,<br><br>Plaintiffs,<br><br>v.<br><br>YASIN ABDULAHAD,<br><br>Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>) 1:19-cv-00401-MHC<br>)<br>)<br>)<br>) |

**DEFENDANT YASIN ABDULAHAD'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT**

**COMES NOW**, Defendant Yasin Abdulahad ("Detective Abdulahad"), by and through the undersigned counsel, and files his Motion for Summary Judgment and Brief in Support. The undisputed material facts demonstrate that Detective Abdulahad is entitled to dismissal of all claims against him as a matter of law.

**I.     STATEMENT OF THE CASE**

Plaintiffs Deaunna Phillips and Sparkle Stidwell (collectively, "Plaintiffs") bring the present action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that

1

Detective Abdulahad violated decedent Deaundre Phillips' ("Mr. Phillips") Fourth Amendment rights.[1]

## II. STATEMENT OF FACTS

### A. The Incident

On January 26, 2017, at approximately 7:35 P.M. Mr. Phillips and two friends, Yteria Maeberry and Rodrick Hart, arrived at the Atlanta Police Department ("APD") Annex located at 3493 Donald Lee Hollowell Parkway, NW, Atlanta, Georgia.[2] Although Mr. Hart, the driver of the dark-colored Chevy Malibu, and Ms. Maeberry, the backseat passenger, left the vehicle to enter the APD Annex, Mr. Phillips, the front seat passenger, remained in the vehicle.[3] Approximately nine (9) minutes later, at 7:44 P.M., Detective Abdulahad and his partner, El-Malik Robeson-El ("Officer Robeson-El"), arrived at the APD Annex in their Department-issued rented unmarked red Dodge Charger,[4] Detective Abdulahad parked the vehicle one parking space away from the vehicle that Mr. Phillips occupied.

Shortly after their arrival, both Officers exited the vehicle intending to "go

---

[1] Doc. 1, hereinafter "Complaint", at ¶ 3.
[2] GBI Investigative Summary, at 1-18, attached hereto as Exhibit A; Video CH07, hereinafter, "Annex Video", at minute mark 1:16, attached hereto as Exhibit B.
[3] Annex Video, at minute mark 1:40.
[4] *Id.* at minute mark 10:32.

place a warrant in GCIC [the Georgia Crime Information Center]."[5] However, after exiting their vehicle, both Officers smelled marijuana and Detective Abdulahad indicated to Officer Robeson-El that the person in the vehicle next to them was "smoking marijuana".[6] Officer Robeson-El testified that his intentions that night in approaching the vehicle with Mr. Phillips were "to go talk to him… try to keep him out of trouble" and "tell him to leave".[7]

Officer Robeson-El initially approached Mr. Phillips at 7:46 P.M.[8] Officer Robeson-El testified that in approaching Mr. Phillips he was "conducting an investigation" into the cause and location of the marijuana smell.[9] After Officer Robeson-El approached the vehicle, Detective Abdulahad turned around to observe the encounter.[10] When Officer Robeson-El approached Mr. Phillips, he observed that Mr. Phillips was "fidgeting… like he was putting something on the side [of the car seat]".[11] Officer Robeson-El asked Mr. Phillips to step out of the vehicle because he kept fidgeting while Officer Robeson-El asked about the marijuana.[12]

---

[5] Deposition of El-Malik Robeson-El taken March 16, 2021, hereinafter "Robeson-El Depo.", at 25:12 – 20, attached hereto as Exhibit C.
[6] *Id*. at 36:15 – 21, 110:10 – 15.
[7] *Id*. at 117:3 – 13.
[8] Annex Video, at minute mark 12:04.
[9] Robeson-El Depo, 36:2 – 21.
[10] Annex Video, at minute mark 12:05 – 12:06.
[11] Robeson-El Depo, 122:8 – 17.
[12] *Id*. at 123:3 – 9.

3

Officer Robeson-El testified that during this encounter, Mr. Phillips denied that he had been smoking marijuana and stated that he was just waiting on friends.[13] Officer Robeson-El also testified that Mr. Phillips was not under arrest but was asked to step out of his vehicle for the Officers' safety while he asked him more questions.[14] When Officer Robeson-El grabbed his radio to "pull out" or indicate to dispatch that he was questioning someone, Mr. Phillips grabbed Officer Robeson-El and pushed him away from the vehicle so that he could reenter the vehicle.[15] Detective Abdulahad then grabbed Mr. Phillips as he was entering the passenger side of the vehicle; however, Mr. Phillips was able to slide into the driver side of the vehicle and place the vehicle in drive with Detective Abdulahad in the vehicle.[16]

Shortly after Mr. Phillips left the parking spot with Detective Abdulahad in the vehicle, Detective Abdulahad fired a single shot and fatally injured Mr. Phillips[17] after observing a weapon in close proximity to Mr. Phillips in the vehicle.[18] This entire incident occurred within the span of approximately two (2) minutes.[19]

---

[13] *Id*. at 124: 4 – 12.
[14] *Id*. at 124: 21 – 25.
[15] Robeson-El Depo, 131:19 – 132:2.
[16] *See id.* at 133:15 – 25; Annex Video, at minute mark 13:40 – 44.
[17] GBI Investigative Summary, 4.
[18] *See id*. at 13.
[19] Annex Video, at minute mark 12:40 – 13:45.

## B. The GBI Investigation

The Georgia Bureau of Investigation (GBI) received a request from APD to investigate the facts and circumstances surrounding the death of Mr. Phillips on January 26, 2017.[20] During their investigation, GBI Special Agents interviewed witnesses, took photos of the crime scene, reviewed surveillance video of the incident, processed evidence, and assisted in obtaining search warrants.[21] During their investigation, GBI Special Agents found marijuana in the pocket of the jacket that Mr. Phillips wore on the night of the incident.[22] Additionally, the toxicology report indicated the presence of marijuana in Mr. Phillip's system.[23] The investigation also discovered that Mr. Phillips did not exit the parking lot while driving the vehicle but instead drove past the exit toward a hill and fence.[24]

At the scene, the GBI investigators took photos of the type and location of the gun that was within the vehicle that Mr. Phillips drove that night.[25] The gun was located partially beneath the passenger seat that Mr. Phillips was initially sitting in

---

[20] Deposition of the GBI through 30(b)(6) deponent David Jones, hereinafter "GBI Jones Depo.", at 11:3 – 16, 14:5 – 12, attached hereto as Exhibit D.
[21] *Id*. at 14:9 – 16:24, 26:7 – 24.
[22] *Id*. at 42:4 – 9; Deposition of the GBI through 30(b)(6) deponent Josh Ellis, hereinafter "GBI Ellis Depo.", at 52:12 – 53:7, attached hereto as Exhibit E.
[23] GBI Ellis Depo, 53:14 – 54:4.
[24] *Id*. at 56:10 – 57:13.
[25] *Id*. at 55: 1 – 21.

before the incident occurred.[26] At the close of the investigation, the GBI failed to find any legal or procedural wrongdoing on the part of Detective Abdulahad.[27]

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. Standard of Review

Summary Judgment should be granted when "the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law."[28] A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.[29] An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[30] A fact is material if it may affect the outcome of the suit under the governing law.[31]

The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material facts that should be decided at trial.[32] "When a moving party has discharged its burden, the non-moving

---

[26] *Id.*
[27] *See* GBI Investigative Summary, 89 – 95.
[28] FED. R. CIV. P. 56(a).
[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[30] *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).
[31] *Allen v. Tyson Foods, Inc.*, 121 F. 3d 642, 646 (11th Cir. 1997).
[32] *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answer to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."[33] If the non-movant's response consists of nothing "more than a repetition of his conclusional allegations, summary judgment for the defendant [i]s not only proper, but required."[34]

### B. Detective Abdulahad had Reasonable Articulable Suspicion to Briefly Detain Mr. Phillips Under *Terry v. Ohio*, 392 U.S. 1 (1968).

"Law enforcement officers may briefly detain a person for an investigatory stop if they have reasonable, articulable suspicion based on objective facts that the person has engaged, or is about to engage, in criminal activity."[35] "The reasonable suspicion required for a *Terry* stop is more than a hunch, at least 'some minimal level of objective justification', taken from the totality of the circumstances."[36] An investigatory *Terry* stop is not an arrest.[37] However, asking a suspect to exit their vehicle during an investigatory stop is "a reasonable way for [officers] to protect

---

[33] *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting *Celotex*, 477 U.S. at 324).
[34] *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).
[35] *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1220 (11th Cir. 1993) (citing *Terry v. Ohio*, 392 U.S. 1).
[36] *Diaz-Lizaraza*, 981 F.2d at 1220 – 21 (citing *United States v. Sokolow*, 490 U.S. 1, 7 – 8).
[37] *Diaz-Lizaraza*, 981 F.2d at 1221.

themselves from a possible concealed weapon."[38]

In the present action, the Officers had reasonable articulable suspicion to conduct a *Terry* stop on Mr. Phillips. Specifically, Officer Robeson-El testified that the Officers smelled marijuana when exiting the vehicle.[39] In this Circuit, the smell of marijuana alone can establish reasonable articulable suspicion.[40] After smelling the marijuana, Officer Robeson-El approached the vehicle that Mr. Phillips was in to investigate the source and location of the smell.[41] When Mr. Phillips continued to fidget, Officer Robeson-El asked him to exit the vehicle for the Officers' safety.[42] Within one (1) minute of exiting the vehicle, Mr. Phillips reentered the vehicle and attempted to flee with Detective Abdulahad in the vehicle.[43] This entire encounter transpired within a brief span of time, less than two (2) minutes.[44] Given the smell of marijuana that was present and the brevity of the detention, from its inception through its conclusion, the investigatory stop was reasonable in duration and scope.[45]

---

[38] *Id*.

[39] Robeson-El Depo, 36:15 – 21, 110:10 – 15. Detective Abdulahad has consistently declined to give statements related to this incident invoking his Fifth Amendment privilege against self-incrimination. *See* GBI Investigation Summary, 13.

[40] *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010).

[41] Robeson-El Depo, 36:2 – 21.

[42] *Id*. at 123:3 – 9.

[43] *See id.* at 133:15 – 25; Annex Video, at minute mark 13:40 – 44.

[44] Annex Video, at minute mark 12:40 – 13:45.

[45] *See White*, 593 F.3d at 1203.

Additionally, the Eleventh Circuit has held in *U.S. v. McCall*, 563 Fed.Appx. 696, 700 (11th Cir. 2014), that even though "[Defendant] argue[d] that the officers had to observe a traffic violation or suspicious behavior by the occupants of the vehicle before conducting a traffic stop", "[t]he Supreme Court has rejected efforts to limit investigatory stops to situations in which the officer has personally observed suspicious conduct."[46] Thus, the Officers were not required to personally observe Mr. Phillips smoking marijuana to conduct the *Terry* stop.

### C. Detective Abdulahad is Entitled to Qualified Immunity.

Plaintiffs' Fourth Amendment claims against Detective Abdulahad are barred by the doctrine of qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."[47] Qualified immunity "is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation."[48] "Questions of qualified immunity must be resolved 'at the

---

[46] *U.S. v. McCall*, 563 Fed.Appx. 696, 700 (11th Cir. 2014)(citing *Adams v. Williams*, 407 U.S. 143, 147 (1972).
[47] *Gates v. Khokhar*, 884 F.3d 1290 at 1296 (11th Cir. 2018) (quoting *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003)).
[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).

earliest possible stage in litigation.'"[49] "When properly applied, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."[50]

"A defendant who asserts qualified immunity has the initial burden of showing he was acting within the scope of his discretionary authority when he took the allegedly unconstitutional action."[51] To determine whether an official was engaged in a discretionary function, we consider whether the acts the official undertook "are of the type that fell within the employee's job responsibilities."[52] "Assuming the defendant makes the required showing, the burden shifts to the plaintiff to establish that qualified immunity is not appropriate by showing that (1) the facts alleged make out a violation of a constitutional right and (2) the constitutional right at issue was clearly established at the time of the alleged misconduct."[53] "The judges of the district courts and the courts of appeals [are] permitted to exercise their sound discretion in deciding which of the two prongs of

---

[49] *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (2003) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("we repeatedly have stressed the importance of resolving immunity questions" as early as possible in the litigation).
[50] *Gates*, 884 F.3d at 1296. (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).
[51] *Id.* at 1297.
[52] *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004).
[53] *Gates*, 884 F.3d at 1297.

the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[54]

### 1. Detective Abdulahad Performed a Discretionary Function in Seizing Mr. Phillips.

To determine if Detective Abdulahad was performing a discretionary function the Court must look at whether the acts the official undertook "are of the type that fell within the employee's job responsibilities."[55] Here, Plaintiffs have affirmatively asserted that Detective Abdulahad was employed as an APD officer at the time he seized Plaintiff.[56] The alleged unconstitutional act is Mr. Phillips' seizure.[57] Investigating suspicious activity and effecting arrests are within the standard job responsibilities of police officers. Thus, Detective Abdulahad's seizure of Mr. Phillips was within the scope of his discretionary functions.

Having established that any actions taken by Detective Abdulahad would have been in his discretionary capacity, the burden shifts to Plaintiffs to prove that the officer violated Mr. Phillips' constitutional rights.[58] Although Plaintiffs allege that Mr. Phillips' Fourth Amendment rights were violated, they fail to satisfy this

---

[54] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).
[55] *Crosby*, 394 F.3d at 1332.
[56] Complaint, ¶ 2.
[57] Complaint, ¶ 44.
[58] *Gates*, 884 F.3d at 1297.

11

burden.

## 2. Mr. Phillips' Fourth Amendment Rights Were Not Violated.

On January 26, 2017, Officer Robeson-El and Detective Abdulahad initiated an investigatory stop of Mr. Phillips after smelling marijuana in the vicinity of the vehicle that he occupied.[59] Within one (1) minute of the beginning of the investigation, Mr. Phillips grabbed Officer Robeson-El, pushed him to the side, and reentered the vehicle.[60] Mr. Phillips then attempted to flee the lawful investigatory stop with Detective Abdulahad in the vehicle. During this encounter, Mr. Phillips drove past the exit toward a hill and fenced area.[61] Mr. Phillips also had access to a gun in the vehicle under the passenger seat where he had previously been sitting.[62]

The Supreme Court of the United States explained in *Tennessee v. Garner*, 471 U.S. 1 (1985) that "where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officers or to others, it is not constitutionally unreasonable to prevent escape by using deadly force."[63] "Furthermore, under Georgia law, a law enforcement officer is justified in using

---

[59] Robeson-El Depo., 36:15 – 21, 110:10 – 15.
[60] Annex Video, at minute mark 12:40 – 13:45.
[61] GBI Ellis Depo., 56:10 – 57:13.
[62] *Id*. at 55:1 – 21.
[63] *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

12

deadly force to prevent death or great injury to himself/herself or to third parties."[64] In these instances, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intentions or motivation."[65] In this instance, Detective Abdulahad's actions were reasonable in light of the circumstances presented to him.

Specifically, the Eleventh Circuit has consistently "upheld an officer's use of force and granted qualified immunity in cases where the [suspect] used or threatened to use his car as a weapon to endanger officers or civilians immediately preceding the officer's use of deadly force."[66] This is precisely the scenario that Detective Abdulahad faced when, not only was he an unwilling passenger in a car that was headed toward a hill and a fence, the driver was also within arm's reach of a firearm. Given the totality of the circumstances, Detective Abdulahad made a split-second decision to use deadly force to prevent serious bodily injury or great harm to himself and is entitled to qualified immunity.[67]

---

[64] *Robinson v. Arrugueta*, 415 F.3d 1252, 1256 (11th Cir. 2005) (citing O.C.G.A. §§16-3-23 and 17-4-20).
[65] *Robinson*, 415 F.3d at 1255 (quoting *Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004)).
[66] *Underwood v. City of Bessemer*, 11 F.4th 1317, 1329 (11th Cir. 2021).
[67] *See Robinson*, 415 F.3d at 1256.

In addition, the right of an individual fleeing an investigatory stop with an officer in the vehicle and access to a gun to be free from seizure is not and was not clearly established at the time of Mr. Phillips' fatal injury. Thus, Plaintiffs have failed to establish that Detective Abdulahad is not entitled to qualified immunity from all claims against him.

### D. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to meet their burden of establishing that Detective Abdulahad violated any right guaranteed to Mr. Phillips by the Fourth Amendment. Thus, as a matter of law, summary judgment must be granted in favor of Detective Abdulahad.

This 15th day of October, 2021.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
(404) 546-4083 *Direct*
sjmiller@atlantaga.gov

**JOSHUA S. FOSTER**
Assistant City Attorney
Georgia Bar No. 169165
(404) 546-4086 *Direct*
josfoster@atlantaga.gov

*Attorneys for Defendant*

**CITY OF ATLANTA – DEPARTMENT OF LAW**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5756

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>YASIN ABDULAHAD, <br><br>　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NO. <br> ) 1:19-cv-00401-MHC <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATION

Counsel for the City Defendants hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

　　　　　　　　　　　　　　　　　　**RESPECTFULLY SUBMITTED**,

　　　　　　　　　　　　　　　　　　*/s/ Staci J. Miller*
　　　　　　　　　　　　　　　　　　**STACI J. MILLER**
　　　　　　　　　　　　　　　　　　Attorney
　　　　　　　　　　　　　　　　　　Georgia Bar No. 601594
　　　　　　　　　　　　　　　　　　Phone: 404-546-4083
　　　　　　　　　　　　　　　　　　Email: sjmiller@atlantaga.gov
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**YASIN ABDULAHAD,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION FILE NO. 1:19-cv-00401-MHC** |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the following:

- **DEFENDANT YASIN ABDULAHAD'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT;**
- **DEFENDANT YASIN ABDULAHAD'S STATEMENT OF UNDISPUTED MATERIAL FACTS;**
- **NOTICE OF FILING OF ORIGINAL DISCOVERY; and**
- **NOTICE OF FILING ELECTRONIC MEDIA.**

via the CM/ECF Electronic Filing System upon:

G. BRIAN SPEARS, ESQ.
Spears & Filipovits, LLC
1126 Ponce de Leon Avenue
Atlanta, GA 30306

17

L. CHRIS STEWART, ESQ.
Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182
Atlanta, GA 30318

This 15th day of October, 2020.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorney for Defendant***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657