UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPARKLE STIDWELL, by and through her Mother as next friend Deaunna Phillips, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| v. | ) | 1:19-cv-401-MHC |
| | ) | |
| YASIN ABDULAHAD, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S NOTICE OF OBJECTION TO CONSIDERATION OF DEFENDANT'S DOCUMENT "96-2" FILING**

Plaintiff objects to the admissibility of and any reliance upon a document described by the Defendant as "GBI Investigative Summary," Doc. 96-2, and which Defendant submitted in support of his motion for summary judgment.

The exhibit at issue is not a single document. Instead, the exhibit, consisting as it does of a total of 102 pages, is a compilation of many, many individual "investigative summaries" prepared by several different GBI agents assigned to the Phillips shooting. Plaintiff objects to this exhibit in its entirety. Even if the exhibit were to contain some material which could be admissible over hearsay objections through the vehicle of Fed. R. Evid. 803 (8), the Defendant has prevented

1

individualized treatment of individual reports within the 102 page document by submitting the document as one exhibit.

Furthermore, in the Exhibits Within his Statement of Material Facts, the Defendant cites to three separate investigative summaries: citing those found at Doc. 92-2, pages 1–18, 4, and 89–95.  And Defendant refers to one other separate investigative summary in the body of his Brief in Support of Summary Judgment (See, Doc 96, p. 8, ftn.39), referring to Doc. 96-2, at p. 13.  These individual reports will be addressed in turn.

## DEFENDANT'S 102 PAGE EXHIBIT
## OF G.B.I. REPORTS IS INADMISSIBLE

For the public records exception to apply, the report must contain "factual findings" that are "based upon the knowledge or observations of the preparer of the report," as opposed to a mere collection of statements from a witness. *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir.1994). "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to

report may not." *United States v. Pazsint*, 703 F.2d 420, 424 (9ᵗʰ Cir. 1983). *See also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009)[1]

The court in *Miller v. Field*, addressed a case where plaintiff Miller alleged that while incarcerated in a Michigan penal institution, he was raped by another inmate. He claimed that he and the defendant prison officials were deliberately indifferent to his safety. The trial court admitted, over objection, investigatory reports of the Michigan state police of the rape charge. The first report consisted of a short summary of interviews by the reporting officer of four inmates who, Miller alleged, had witnessed the assault. All four prisoners denied any knowledge of the assault. The second report summarized the plaintiff's version of the event and the third summarized an interview with the prosecutor who investigated the

---

[1] Summaries of interviews that are contained in those reports are [ ] double hearsay that cannot be admitted at trial or considered on summary judgment." *Jessup v. Miami–Dade Cnty.*, 697 F.Supp.2d 1312, 1322 (S.D.Fla. 2010). *See also Roxbury-Smellie v. Fla. Dep't of Corrections*, 324 F. App'x 783, 785 (11th Cir. 2009) (interview statements in investigative report remain hearsay; even though factual findings made by an investigator fall within public records exception to hearsay, the interview statements themselves are not factual findings); *Gregory v. Wal-Mart Stores East, LP*, 2013 WL 12180710, at *6 (S.D. Ga. July 23, 2013) (police report admissible to the extent it contains the opinions and conclusions formed during the investigation, but any statement contained in the report that was made by a non-party witness or bystander is inadmissible as hearsay within hearsay).

case.  Among other things, the interview with the prosecutor contained the position of the prosecutor that the alleged perpetrators would not be charged "because of the lack of credibility of the victim." *Miller* at 1089.

The *Miller* court found that the "bulk" of the reports contained neither findings nor conclusions and opinions of the investigators themselves but was "largely a recitation of statements of other individuals that fall under no other exception to the hearsay rule." *Id*, at 1092.  The circuit court found that statements of the victim, the alleged assailants, other witnesses, and the prosecutor were "hearsay within hearsay" that should not have been placed before the jury.  *Id*. This analysis of the *Miller* court is correct.  Rule 803(8) ( C ) only authorizes the admission of investigatory reports containing "factual findings," not the admission of otherwise inadmissible underlying data.  Indeed, the prevailing view is that Rule 803 (8)(C) exception covers only the findings, opinions, and conclusions of an investigatory report, not the underlying data.  *United States v. Taylor*, 462 F.2d 1023 (8th Cir. 2006) (Rule 803(8)(C) hearsay exception did not cover police report containing witness' hearsay statements to police; *Reynolds v. Green*, 184 F.3d 589, 596 (6th Cir. 1999) (hearsay statements contained in investigatory report not admissible "unless both levels of hearsay fall within an exception to the hearsay

rule"); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396 (5th Cir. 1985)(while admission of EEOC finding of probable cause was proper, trial court erred in admitting the entire EEOC report, which contained various hearsay statements including newspaper articles); *Newell v. City of Cincinnati;* 2006 WL 2619846 (S.D. Ohio 2006)(in a 1983 action, portions of police department investigatory report summarizing interviews with four eyewitnesses found not admissible because these statements were "classic hearsay"); *Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1223 (M.D.Ala.2002)(inmates' statements obtained by state bureau of investigation were not within Rule 803(8)(C) hearsay exception for investigatory reports: "the plaintiff is not introducing the findings from an investigation, but rather the evidence gathered by the investigating body on which to base its findings.")

The rule of law pertinent to admission of Defendant's document, Doc. 96-2, is clear:  Although Rule 803(8) authorizes the admission of investigatory reports containing "findings" resulting from an investigation, it does not authorize the admission of any otherwise inadmissible underlying data.

Plaintiff urges the Court to disregard Defendant's submission of Doc. 96-2 in its entirety.

5

## EVEN WHEN TREATED SEPARATELY, THE INDIVIDUAL REPORTS CITED BY DEFENDANT ARE INADMISSIBLE

**Pages 1–18**

Defendant cites to six separate "investigative summaries" collectively as pages 1-18.  See, Doc. 96-1, ftn.1.  There are narratives of GBI Agents Thomas, Ellis, and Davis, which include a summary of what a number of different witnesses told them and a summary of the collection of the officer's weapons at the scene of the shooting.  However, nothing contained within this narrative constitutes a factual "finding" of their investigation or a "conclusion" which would be admissible pursuant to Rule 803.

**Page 4**

Defendant makes specific reference to page 4 of the "investigative summary" in his Statement of Material Facts.  See, Doc. 96-1, p. 6, ftn.19.  He does so to assert the truth of the following contention:  Shortly after Mr. Phillips left the parking spot with Detective Abdulahad in the vehicle, Detective Abdulahad fired a single shot and fatally injured Mr. Phillips."  Plaintiff objects to reliance upon this report.  The report that begins at page 4 is Agent Ellis' summary of facts provided to him by another GBI Agent [not an eyewitness] – Agent Thomas.  Agent Thomas was repeating to Ellis what Thomas heard from one Lt. Hampton of

6

the City of Atlanta Police Department [also not an eyewitness] during a conversation which Thomas had with Hampton and other officers of the City of Atlanta, none of whom were eyewitnesses.  In other words, page 4 is quadruple hearsay and, in any event, does not contain a "finding" or "conclusion" of Agent Ellis' investigation.  It is an inadmissible document.

**Page 13**

Defendant relies upon the two-page report of Agent Thomas describing Thomas' brief contact with Abdulahad and Robeson-El on the evening of January 26, 2017.  Abdulahad refers to this report in his Statement of Material Facts.  See, Doc 96, p. 8, ftn 39.  Thomas' statements about what, if any, statements were made to him by these two officers constitutes hearsay upon hearsay – there is nothing contained in the body of this report which constitutes a "finding" of an investigation; it is inadmissible.

**Pages 89 - 95**

Defendant relies upon a Report prepared by GBI Agent Whidby to claim as "fact" that "At the close of [their] investigation, the GBI failed to find any legal or procedural wrongdoing on the part of Detective Abdulahad."  See, Statement of Material Facts, Doc 96-1, p. 8, Para. 29. Submitted in its current form and

presented for the purpose for which it is submitted, there is no doubt that these pages are inadmissible hearsay and are not made admissible through the operation of the Federal Rules of Evidence, Rule 803. These pages consist of a listing of requests made by representatives of the Fulton County District Attorney's Office to the GBI, combined with the initial response at that same meeting in March of 2017 on the part of the GBI. These are not findings of fact nor any conclusions whatsoever about what happened when Mr. Phillips was killed.

To the extent that Defendant seeks to rely upon the Whidby report to declare that the GBI rendered some form of a legal decision about Defendant's shooting of Mr. Phillips, it is completely inadmissible even if the Whidby report were otherwise admissible under Rule 803. Rule 803's exception to the hearsay rule does not allow the introduction of any legal conclusion expressed in the report. *Hines v. Brandon Steel Decks,* 886 F.2d 299 (11th Cir. 1989); accord, *In re Pulpwood Antitrust Litigation,* 655 F.2d 627 (5th Cir. 1981).

**ABDULAHAD PRECLUDED FROM INTRODUTING A REPORT OF HIS VERSION OF EVENTS AFTER ASSETING HIS 5TH A PRIV TO PREVENT HIS CROSS EXAMINATION BY PLAINTIFF**

In addition to the foregoing, Plaintiff has further reason to object to allowing the Defendant to introduce and hence rely upon the document it characterizes as the GBI Investigative Summary.

The issue presented is whether Defendant Abdulahad will be allowed to deny Plaintiff the opportunity to cross examine him by claiming a Fifth Amendment privilege and thereafter introduce hearsay versions of his "side of the story." This form of stonewalling is not allowed.

A defendant cannot use the shield of privilege to withhold information during discovery and then turn around and attempt to use this same information as a sword at trial. "Those who choose to remain silent 'must bear the consequence of a lack of evidence.'" *Arango v. United States Dep't of the Treasury*, 115 F.3d 922, 927 (11th Cir. 1997)(regarding Fifth Amendment privilege assertion); see, also, *United States v. Workman*, 138 F.3d 1261, 1263-64 (8th Cir. 1998)(finding party cannot "selectively" claim attorney-client privilege, prohibiting discovery into substance of legal advice and subsequently assert legal advice as a defense); *Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001) (permitting party to testify as

to evidence previously claimed privileged "would be tantamount to allowing [the Defendant] to avoid discovery altogether"); *SEC v. Zimmerman*, 854 F. Supp. 896, 899 (N.D. Ga. 1993)(prohibiting defendant from using evidence that he previously objected to disclosing under his Fifth Amendment privilege, noting a "privilege cannot be invoked to oppose discovery and then tossed aside to support a party's assertions"); *Kearney Partners Fund, LLC v. United States*, 946 F. Supp. 2d 1302, 1317 (M.D. Fla. 2013)(noting that proper sanctions for attempts to use evidence previously withheld under privilege assertions include prohibiting use of evidence); *Manning v. Buchan*, 357 F. Supp. 2d 1036, 1048-49 (N.D. Ill. 2004)(prohibiting use of evidence at trial that defendants successfully shielded from discovery through privilege assertions); c.f., *McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982)("A defendant cannot have it both ways" – testifying in "attack" and then seeking "refuge behind the shield of the Fifth Amendment"); *Gab Bus. Services, Inc. v. Syndicate,* 627, 809 F.2d 755, 762 (11th Cir. 1987)(party cannot divulge information that may be subject to a privilege and then claim privilege as a shield at trial).

 Three facts are clear:

1) In February of 2017, accompanied by his attorney at the time, Abdulahad spoke at length to Special Agent Clinton Thomas of the GBI giving Thomas his version of events surrounding his shooting of Mr. Phillips.  The "Investigative Summary" filed by Defendant includes the specific Investigative Summary prepared by Agent Thomas.   Although he makes no "finding" or conclusion about what Abdulahad told him, Thomas narrates what Abdulahad told him in his Investigative Summary, the pages of which are included in the Exhibit which Defendant Abdulahad has filed with the Court.  See, Doc. 96-2, pp. 64-68.

2) Abdulahad rejected, out of hand, any and every effort by Plaintiff to question him about the events surrounding Mr. Phillips' death – refusing to answer questions about the exact same facts which Abdulahad apparently described in his interview with Agent Thomas.  See, Deposition of Abdulahad, Doc. 102-1, at 25:3,4;35:21,22;36:2,20; 7:2,4,8,16,25;38:11,18,25;39:7,16;40:4; 45:18,20; 46:8,14,21;47:4,11,15,19,25;48:3, 7,11,15,21,25;49:4,8,11,15,18, 20,23; 50:1,4,7,10,14,17,21, 25;51:6,10,15,21;52:3,9,14, 17,21,25;53:4,7,13,16; 55:9, 10,16,20,23; 56:2,9,13;60:11, 12,20;61:3,11,16;62:3,9,21; 63:2,10,13,19,25; 64:22;65:1; 67:2,3,11,15,17,20;68:3,4,10; 72:20,21;73:1,13,14,19;74:2, 17,24;75:6,13,20; 76:2,9,16, 23;77:5,12;79:7,8,14,20;80:1, 9,18;81:2,9,15;

82:6,13,20; 83:1,11,16,20,23;84:2,4,7,12, 15,18,21,25;85:4,7,11,15,22;

86:2,5,8,10,24; 87:4,8,12,16, 20,23;88:2,5,10,16,21;89:1,4, 8,13,16,20,25;

90:4,12,16,24; 91:3,7,11,14,18,22,25;92:3,6, 9,12,17,21,24;93:3,6,10,14,17, 21,25;

94:4,8,11,15;95:3,4; 97:9,10,17;98:2,10,19;99:2,9, 19;100:4,9,16,20,24;101:2,5,

10,17,22;102:5,9,15,18,22; 103:4,8,12,19;104:3,22;105:4, 10,16;106:1,5;

107:5,10,16,19, 23;108:1,4,12,15,20;109:5,10; 110:5,6,13,17;111:6,10,13,16;

112:2,8,11,21,24;113:2,10,13, 18,24;121:11,12,19;122:2,8.

3)  Defendant seeks to introduce his version of events through the submission of the hearsay report of his interview with Agent Thomas and, simultaneously, assert a Fifth Amendment privilege to block Plaintiff's cross examination and discovery.

Even though Defendant has not specifically cited to his Thomas interview in his Motion for Summary Judgment, it is nonetheless necessary for Plaintiff to object to inclusion of this or any narration or report within the GBI reports which describe what Defendant may have said to the GBI Agents about the events of Phillips' death.  This is so because a "court need consider only the [materials to which a party cites], but it may consider other materials in the record."  Fed. R. Civ. P. 56 ( c ) (3).  Without expressly saying so, the Defendant has slipped the

hearsay of his interview with Agent Thomas; but this introduction of evidence must not be allowed.

Having made his choice to invoke the Fifth Amendment to prevent cross-examination, the Defendant must be prohibited from nonetheless introducing evidence about his own statements about those same events. *SEC v. Zimmerman,* 854 F. Supp. 896, 899 (N.D. Ga. 1993).

## CONCLUSION

For and upon the foregoing argument, Plaintiff objects to Defendant's introduction of the document entitled "GBI Investigative Summary" and prays this Court decline to consider or rely upon its contents.

> S/ G. BRIAN SPEARS
> Bar No. 670112
> Attorney for Plaintiff
> Spears & Filipovits, LLC
> 1126 Ponce de Leon Ave.,
> N.E.Atlanta, Georgia 30306
> Tele: (404) 872-7086
> bspears@civil-rights.law

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will cause service by electronic mail to the following attorneys of record:

Staci J. Miller
Joshua S. Foster
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520

L. Chris Stewart
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

S/ G. BRIAN SPEARS
Bar No. 670112
Attorney for Plaintiff
Spears & Filipovits, LLC
1126 Ponce de Leon Ave.,
N.E.Atlanta, Georgia 30306
Tele: (404) 872-7086
bspears@civil-rights.law

14