## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEAUNNA PHILLIPS, Plaintiff, by and )
through her Mother, SPARKLE STIDWELL, )
as next friend, )
           )
         **Plaintiffs,** )
         ) **CIVIL ACTION FILE NO.**
**v.** ) **1:19-cv-00401-MHC**
         )
**YASIN ABDULAHAD,** )
         )
         **Defendant.** )

## DEFENDANT YASIN ABDULAHAD'S RESPONSE TO
## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

**COMES NOW**, Defendant Yasin Abdulahad ("Detective Abdulahad"), by

and through the undersigned attorneys, and files this response to Plaintiff's

Statement of Additional Material Facts:

### *Deaundre Phillips' arrival at the Annex*

1. Mr. Hart picked up his Chevrolet Malibu from APD's police impound

following his release from APD custody earlier that day. Doc. 104-1, Ex. 1, Hart

Decl. at 1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 1 is**

**admitted.**

1

2. Mr. Hart picked up Philips and Maeberry and drove the Malibu to the Annex to pick up Mr. Hart's personal property. Doc. 104-1, Ex. 1, Hart Decl. at 1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 2 is admitted.**

3. No person smoked marijuana in the Malibu before driving the Malibu to the Police Annex that day. Doc. 104-1, Ex. 1, Hart Decl. at 2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 3 is admitted.**

4. When Phillips, Hart, and Maeberry arrived at the Annex, the car did not smell like marijuana. Doc. 104-1, Ex. 1, Hart Decl. at 2.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 4 as it does not comply with L.R. 56.1(B)(1).**

5. After arriving at the Annex, Hart and Maeberry exited the vehicle and entered the building. Doc. 104-1, Ex. 1, Hart Decl. at 1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 5 is admitted.**

6. Phillips was asleep in the front passenger seat of the car and he remained asleep when Hart and Maeberry left to go inside. Doc. 104-1, Ex. 1, Hart Decl. at 2.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 6 as it does not comply with L.R. 56.1(B)(1).**

7. Phillips was not smoking marijuana. Doc. 104-1, Ex. 1, Hart Decl. at

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 7 as it does not comply with L.R. 56.1(B)(1).**

8. Phillips did not possess a gun and there was no gun inside the Malibu. Doc. 104-1, Ex. 1, Hart Decl. at 2.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 8 as it does not comply with L.R. 56.1(B)(1).**

*Initial encounter between the Officers and Phillips*

9. APD Officers Yasin Abdulahad and his partner El Malik Robeson-El were members of APD's Gun Unit arrived about ten minutes after Hart and Maeberry exited the Malibu. *See* Exhibit 3, Annex Video CH07(1).avi at 0:01:32/0:24:00 (showing arrival of Phillips at 19:35),0:10:50/0:24:00 (showing the arrival of the officers).

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 9 is admitted.**

10. The Officers riding in a red unmarked car. *See* Exhibit 3, Annex Video.avi at 0:12:03/0:24:00.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 10 is admitted.**

11. Abdulahad drove the car in which Robeson-El and Abdulahad traveled. *See* Doc. 102-7, Robeson-El Dep. Vol. 1 at 109:17–19, 109:24–110:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 11 is admitted.**

12. The officers were both wearing plain clothes. Doc. 102-7, Robeson-El Dep. Vol. 1 at 21:20–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 12 is admitted.**

13. The windows to the Officers' car were up. Doc. 102-7, Robeson-El Dep. Vol. 1 at 110:16–22.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 13 is admitted.**

14. The windows to Phillips' car were up. Doc. 102-7, Robeson-El Dep. Vol. 1 at 110:23–111:1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 14 is admitted.**

15. Robeson-El testified that Abdulahad claimed that the smell of marijuana was coming from the car next to them in the parking lot. Doc. 102-7, Robeson-El Dep. Vol. 1 at 110:10–111:1.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 15 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

16. The "car next to them" was the Chevrolet Malibu, which was parked one parking space away from the Officers' car. Exhibit 3, Annex Video.avi at 0:12:17/0:24:00.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 16 is admitted.**

17. Robeson-El did not smell marijuana when Abdulahad claimed to smell it, nor did he see Philips or anyone else smoking marijuana. Doc. 102-7, Robeson-El Dep. Vol. 1 at 111:2–18.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 17 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

18. After he exited his car, Officer Abdulahad did not stop to investigate or approach Phillips' car and instead began walking past the car and toward the entrance to the Annex. Exhibit 3, Annex Video.avi at 0:12:03/0:24:00.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 18 is admitted.**

19. Officer Robeson-El then walked toward Phillips' car, and Abdulahad turned to follow. Exhibit 3, Annex Video.avi at 0:12:00/0:24:00.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 19 is admitted.**

20. Abdulahad asserted his privilege against self-incrimination in response to the question: "It is a fact, is it not, that before you shot Mr. Phillips, you did not smell any marijuana odor at all; did you?" Doc. 102-1, Doc. 102-1, Abdulahad Dep. 48:12–14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 20 is admitted.**

21. Abdulahad asserted his privilege against self-incrimination in response to the question: "When Mr. Roberson-El approached the Phillips car and before you walked up to it, you had no idea why he was walking up to the Phillips car, did you?" Doc. 102-1, Abdulahad Dep. 76:4–6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 21 is admitted.**

22. Abdulahad asserted his privilege against self-incrimination in response to the question: "It is a fact, is it not, that the reason that you went to -- you understood that the reason why Roberson-El went to the Phillips car was simply because he was curious? He wanted to know why someone was sitting inside of their car." Doc. 102-1, Abdulahad Dep. 80:11–15.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 22 is admitted.**

23. At the time the Officers approached Phillips, the car in which he was seated was legally parked, and there was no prohibition on Phillips being seated in the passenger seat of the parked car. Doc. 102-7, Robeson-El Dep. Vol. 1 at 108:8–109:16.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 23 is admitted.**

*The Officers seize Phillips*

24. The two Officers then approached Phillips, who was inside the Malibu and where Hart had earlier left Phillips asleep, Hart Declaration, at 2., leaning against the passenger door. Doc. 102-7, Robeson-El Dep. Vol. 1 at 120:12–15.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 24 as it does not comply with L.R. 56.1(B)(1) and (B)(2)(a)(1).**

25. Abdulahad asserted his privilege against self-incrimination in response to the question: "In fact, the decision to detain Mr. Phillips was made even before you opened the car door; wasn't it?" Doc. 102-1, Abdulahad Dep. 82:15–17.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 25 is admitted.**

26. Robeson-El approached alongside the car and told Phillips to roll down his window. Phillips complied. Doc. 102-7, Robeson-El Dep. Vol. 1 at 120:19–121:6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 26 is admitted.**

27. Robeson-El was able to see Phillips' hands as he rolled down the window. Doc. 102-7, Robeson-El Dep. Vol. 1 at 121:16–19.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 27 is admitted.**

28. Phillips stated that he was not smoking marijuana. Doc. 102-7, Robeson-El Dep. Vol. 1 at 121:20–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 28 is admitted.**

29. Robeson-El then told Phillips to exit the car and Phillips complied. Doc. 102-7, Robeson-El Dep. Vol. 1 at 122:24–123:9.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 29 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

30. When Phillips exited the car, he did not have anything in his hands. Doc. 102-7, Robeson-El Dep. Vol. 1 at 123:20–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 30 is admitted.**

31. Prior to the time Phillips exited the car, neither officer had seen him smoking marijuana. Doc. 102-7, Robeson-El Dep. Vol. 1 at 123:24–124:3.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 31 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

32. After Phillips exited the car, neither officer had any evidence that he had engaged in criminal behavior. Doc. 102-7, Robeson-El Dep. Vol.1 at 124:13–18.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 32 is admitted.**

33. Prior to exiting the car, Phillips did not threaten the officers or make any physical movement that they interpreted as a threat. Doc. 102-7, Robeson-El Dep. Vol. 1 at 131:9–13, 132:13–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 33 is admitted.**

*The Officers forcibly detain Phillips*

34. Abdulahad asserted his privilege against self-incrimination in response to the question: "There wasn't any information from Roberson-El to you before the two of you stood alongside of my client's car that consisted of information to the effect that he was suspicious of any wrongdoing on my client's part; correct?" Doc. 102-1, Abdulahad Dep. 80:20–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 34 is admitted.**

35. Abdulahad asserted his privilege against self-incrimination in response to the question: "And you were blocking his path to prevent him from getting away

from the two of you because you had already decided that you were going to be detaining him and arresting him; correct?" Doc. 102-1, Abdulahad Dep. 84:8–11.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 35 is admitted.**

36. Robeson-El is the officer shown in the video who is holding a flashlight. Doc. 102-8, Robeson-El Dep. Vol. 2 at 40:23–41:6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 36 is admitted.**

37. The person in the Annex video with papers in his hand is Abdulahad. Doc. 102-8, Robeson-El Dep. Vol. 2 at 40:13–16.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 37 is admitted.**

38. Robeson-El was holding a flashlight while outside of Phillips' car. Doc. 102-8, Robeson-El Dep. Vol. 2 at 41:1–6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 38 is admitted.**

39. Phillips was not smoking anything when he was confronted by the officers. Doc. 102-7, Robeson-El Dep. Vol. 1 at 33:2–4.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 39 is admitted.**

40. Robeson-El shined a flashlight on Phillips while they were outside of the car. Doc. 102-7, Robeson-El Dep. Vol. 1 at 34:8–14.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 40 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

41. As Phillips stood outside of the car after being confronted by the officers, Phillips did not have anything in his hands. Doc. 102-7, Robeson-El Dep. Vol. 1 at 35:12–19.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 41 is admitted.**

42. Neither Officer had any information concerning Phillips, and had never previously encountered Phillips. Neither Officer had any reason to believe that Phillips had an active warrant or was on probation or parole. Doc. 102-7, Robeson-El Dep. Vol. 1 at 18:16–23, Doc. 102-1, Abdulahad Dep. 65:14–18.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 42 as it does not comply with L.R. 56.1(B)(3) and (B)(2)(a)(1).**

43. Philips stood outside the vehicle with his back to the open passenger's seat and was facing the two officers who were standing in front of him without yelling or offering any physical resistance. *See* Exhibit 3, Annex Video CH07(1).avi at 0:13:36/0:24:00.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 43 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

44. Phillips did not "push" Robeson-El with any physical force and instead only placed his hands on Robeson-El's chest without threatening or offering any violence, which hand placement did not even cause Robeson-El to move. Doc. 102-7, Robeson-El Dep. Vol. 1 at 133:15–135:7.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 44 as it does not comply with L.R. 56.1(B)(3) and 56.1(B)(2)(a)(1).**

45. Video evidence confirms that Philips did not "push" past Robeson-El or any other person to re-enter the vehicle. *See* Exhibit 2, Enhanced Annex Video.m4v at 0:03:22/0:04:58.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 45 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

46. The video evidence shows two perspectives of the Officers' actions. First, it shows the Officers directly in front of the car. *See* Exhibit 2, Enhanced Annex Video.m4v at 0:03:22/0:04:58.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 46 as it does not comply with L.R. 56.1(B)(1).**

47. The video shows the two officers standing over Phillips, who is initially seated and then stands up. The officers' actions are visible at the car, and also shown by the shadows cast on an adjacent building. The shadows of the officers are visible on the the [sic] left side of the video. *See* Exhibit 3, Annex Video.avi at 0:13:08/0:24:00.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 47 as it does not comply with L.R. 56.1(B)(1) and (B)(2)(a)(1).**

48. Officers spoke with Philips for about 1.5 minutes before Philips reentered the vehicle to leave. *See* Exhibit 3, Annex Video.avi at 0:12:09–0:13:44/0:24:00.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 48 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

49. While outside of the car, the Officers used physical force against Philips while he was not resisting or posing any physical threat. *See* Exhibit 3, Annex Video CH07(1).avi at 0:13:36/0:24:00.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 49 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

50. Phillips did not kick either officer. Doc. 102-7, Robeson-El Dep. Vol.1 at 30:15–17.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 50 is admitted.**

51. Phillips did not throw any punches at either officer. Doc. 102-7, Robeson-El Dep. Vol. 1 at 30:12–14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 51 is admitted.**

52. Robeson-El was not physically injured by Phillips. Doc. 102-7, Robeson-El Dep. Vol. 1 at 30:24–31:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 52 is admitted.**

53. Officer Abdulahad was not injured by Phillips. Doc. 102-7, Robeson-El Dep. Vol. 1 at 31:20–32:6.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 53 as it does not comply with L.R. 56.1(B)(1).**

54. Phillips pulled loose from Abdulahad, and Abdulahad followed him into the car to try to grab Phillips again. Doc. 102-7, Robeson-El Dep. Vol. 1 at 76:7–18.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 54 is admitted.**

55. Abdulahad asserted his privilege against self-incrimination in response to the question: "And when he pulled back towards the interior of the car, you pushed him into the car; correct" Doc. 102-1, Abdulahad Dep. 84:16–17.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 55 is admitted.**

56. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that Mr. Phillips was grabbed by Officer Roberson-El, and before he went back into the car, he had not committed any criminal offense in your presence; had he?" Doc. 102-1, Abdulahad Dep. 88:17–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 56 is admitted.**

57. Abdulahad asserted his privilege against self-incrimination in response to the question: "That's also the case with respect to your grabbing him. He had not committed any criminal offense in your presence prior to when you grabbed him, had he?" Doc. 102-1, Abdulahad Dep. 88:22–25.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 57 is admitted.**

58. Abdulahad asserted his privilege against self-incrimination in response to the question: "And when you pushed him into the car, you continued after him; correct?" Doc. 102-1, Abdulahad Dep. 84:19–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 58 is admitted.**

59. Abdulahad asserted his privilege against self-incrimination in response to the question: "And when you continued in after him, he immediately got into the driver's side door because you kept pushing him in that direction; correct?" Doc. 102-1, Abdulahad Dep. 84:22–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 59 is admitted.**

*Abdulahad enters the car and shoots Phillips in the head*

60. The passenger side door of Phillips car was fully closed as Phillips drove away. Doc. 102-7, Robeson-El Dep. Vol. 1 at 77:19–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 60 is admitted.**

61. After the car drove away, Robeson-El did not hear any activity coming from inside the car, nor could he see anything activity inside the car. Doc. 102-8, Robeson-El Dep. Vol. 2 at 8:6–10, 17:19–18:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 61 is admitted.**

62. The entirety of Abdulahad's body was inside Phillips' car. Doc. 102-7, Robeson-El Dep. Vol. 1 at 77:13–18.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 62 is admitted.**

63. The passenger side door of Phillips car was fully closed as Phillips drove away. Doc. 102-7, Robeson-El Dep. Vol. 1 at 77:19–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 63 is admitted.**

64. The car drove into another parking area at the annex before coming to

a full stop. See, Ellis Dep, 56:20 – 57:14.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 53 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

65. At some point after the car left its parking spot, came to a controlled stop and Abdulahad exited the passenger side door. Doc. 102-7, Robeson-El Dep. Vol. 1 at 29:16–30:2, 148:23–149:1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 65 is admitted.**

66. Abdulahad was deposed in this action and asserted his privilege against self-incrimination in response to the question: "Once you pulled your gun out, you positioned it directly alongside of Mr. Phillips's head, behind his ear; correct?" Doc. 102-1, Abdulahad Dep. 90:13–15.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 66 is admitted.**

67. Abdulahad asserted his privilege against self-incrimination in response to the question: "And as you pointed it and had it positioned directly against his skull, your shoulders were positioned such that you were higher than his shoulders; correct?" Doc. 102-1, Abdulahad Dep. 90:20–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 67 is admitted.**

68. Abdulahad asserted his privilege against self-incrimination in response to the question: "You were holding him with your left hand, and holding him in place, at the time that you pulled the trigger of your GLOCK; correct?" Doc. 102-1, Abdulahad Dep. 90:25–91:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 68 is admitted.**

69. Abdulahad asserted his privilege against self-incrimination in response to the question: "And at that time that you pulled the trigger of the GLOCK, you saw that he was trying to exit out the driver's-side door; correct?" Doc. 102-1, Abdulahad Dep. 91:4–6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 69 is admitted.**

70. Abdulahad asserted his privilege against self-incrimination in response to the question: "And you shot him not because he was then threatening you, but because he was trying to get out of the car." Doc.102-1, Abdulahad Dep. 91:8–10.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 70 is admitted.**

71. Abdulahad asserted his privilege against self-incrimination in response to the question: "He was pleading with you to put the gun down; wasn't he?" Doc. 102-1, Abdulahad Dep. 91:23–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 71 is admitted.**

72. Abdulahad asserted his privilege against self-incrimination in response to the question: "You did not tell him that if he did not stop the car, you were going to shoot; did you?" Doc. 102-1, Abdulahad Dep. 92:4–5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 72 is admitted.**

73. Abdulahad asserted his privilege against self-incrimination in response to the question: "And, in fact, what happened was you saw that Mr. Phillips was bringing the car to a stop, and he tried to open the door. You saw that; right?" Doc. 102-1, Abdulahad Dep. 92:18–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 73 is admitted.**

74. Abdulahad asserted his privilege against self-incrimination in response to the question: "The car had come to a stop before you fired your weapon; had it not?" Doc. 102-1, Abdulahad Dep. 92:22–23.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 74 is admitted.**

75. Abdulahad asserted his privilege against self-incrimination in response to the question: "The car was at full rest at the time that you fired the weapon; correct?" Doc. 102-1, Abdulahad Dep. 93:4–5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 75 is admitted.**

76. Abdulahad asserted his privilege against self-incrimination in response to the question: "Once the car came to a stop, Mr. Phillips pulled the emergency brake; didn't he -- right before he was shot?" Doc. 102-1, Abdulahad Dep. 93:22–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 76 is admitted.**

77. Abdulahad asserted his privilege against self-incrimination in response to the question: "And the only person who would've pulled it before Phillips was shot was Phillips." Doc. 102-1, Abdulahad Dep. 94:9–10.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 77 is admitted.**

78. Abdulahad asserted his privilege against self-incrimination in response to the question: "It is a fact, is it not, that Mr. Phillips never reached for the floorboard

of that car while he was operating it once you were inside; did he?" Doc. 102-1, Abdulahad Dep. 94:12–14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 78 is admitted.**

79. Abdulahad asserted his privilege against self-incrimination in response to the question: "And in looking into the interior of the car, me, would you not, that we see your hands visible in the light as shown by the dome light?" Doc. 102-1, Abdulahad Dep. 107:6–9.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 79 is admitted.**

80. Abdulahad asserted his privilege against self-incrimination in response to the question: "And in seeing your hands there, we see that you have your left hand on top of Mr. Phillips's shoulder pushing him down and your right hand is, at this point in time, in possession of your GLOCK; is that correct?" Doc. 102-1, Abdulahad Dep. 107:11–15.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 80 is admitted.**

81. Abdulahad asserted his privilege against self-incrimination in response to the question: "And you were holding it because you were threatening to shoot Mr.

Phillips in the head because he was trying to get away from you; correct?" Doc. 102-1, Abdulahad Dep. 107:20–22.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 81 is admitted.**

82. Abdulahad asserted his privilege against self-incrimination in response to the question: "And Mr. Phillips was pleading with you not to shoot him, at this point in time; wasn't he?" Doc. 102-1, Abdulahad Dep. 107:24–25.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 82 is admitted.**

83. Abdulahad asserted his privilege against self-incrimination in response to the question: "But you kept your gun to his head from this point until you pulled the trigger; didn't you?" Doc. 102-1, Abdulahad Dep. 108:2–3.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 83 is admitted.**

84. Abdulahad asserted his privilege against self-incrimination in response to the question: "The position of Mr. Phillip's two feet in the interior of the driver's section of the car, as shown in Exhibit 9, is the position of his feet, as they appeared, when you left the Phillips car and got out; correct?" Doc. 102-1, Abdulahad Dep. 110:8–12; Exhibit 9.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 84 is admitted.**

85. Abdulahad asserted his privilege against self-incrimination in response to the question: "And would you agree with me that Mr. Phillips is -- as depicted in Doc. 104-1, Ex. 10 -- Mr. Phillips is in the position, the physical position, that he was at the time that you left the car -- that you got out of the car?" Doc. 102-1, Abdulahad Dep.111:1–5, Doc. 104-1, Ex. 10. gpg [sic]

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 85 is admitted.**

86. Abdulahad asserted his privilege against self-incrimination in response to the question: "It is a fact, is it not, that once you had shot Mr. Phillips, that you never saw a gun on the floorboard of the car in which he died?" Doc. 102-1, Abdulahad Dep. 49:1–3.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 86 is admitted.**

87. Abdulahad asserted his privilege against self-incrimination in response to the question: "When Roberson first approached you after you had shot Mr. Phillips, you did not tell him, did you, that you had seen a gun?" Doc. 102-1, Abdulahad Dep. 49:12–14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 87 is admitted.**

88. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that you fired your weapon, Mr. Phillips was not facing you; was he?" Doc. 102-1, Abdulahad Dep. 50:5–6.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 88 is admitted.**

89. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that you fired your weapon, the weapon was in your right hand; was it not?" Doc. 102-1, Abdulahad Dep. 50:8–9.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 89 is admitted.**

90. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that you fired your weapon, Mr. Phillips was positioned in such a way that his head was turned towards the driver's-side front door." Doc. 102-1, Abdulahad Dep. 50:11–13.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 90 is admitted.**

91. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that you fired, Mr. Phillips had his left hand on the door; did he not?" Doc. 102-1, Abdulahad Dep. 50:15–16.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 91 is admitted.**

92. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time that you fired your weapon, Mr. Phillips had activated the door lever and had opened the door; correct?" Doc. 102-1, Abdulahad Dep. 50:18–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 92 is admitted.**

93. Abdulahad asserted his privilege against self-incrimination in response to the question: "Before you fired your weapon, you saw that Mr. Phillips was attempting to get out of the car through the driver's door; did you not?" Doc. 102-1, Abdulahad Dep. 50:22–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 93 is admitted.**

94. Abdulahad asserted his privilege against self-incrimination in response to the question: "The period of time between – well, I believe I can ask it this way: In

the entire period of time that you had contact with Mr. Phillips before he died, he never verbally threatened you at all; did he?" Doc. 102-1, Abdulahad Dep. 51:1–5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 94 is admitted.**

95. Abdulahad asserted his privilege against self-incrimination in response to the question: "In the period of time that you were in his presence and before he died, Mr. Phillips never verbally threatened Officer Roberson-El; did he?" Doc. 102-1, Abdulahad Dep. 51:7–9.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 95 is admitted.**

96. Abdulahad asserted his privilege against self-incrimination in response to the question: "Isn't it accurate to say that the reason why you fired the shot was because you were angered by Mr. Phillips not –let me rephrase the question. You understood, when you fired your weapon, that Mr. Phillips badly wanted to get away from you and the other officer?" Doc. 102-1, Abdulahad Dep. 56:3–8.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 96 is admitted.**

97. Abdulahad asserted his privilege against self-incrimination in response to the question: "And you understood, when you fired your shot, that Mr. Phillips had

not taken any act directed towards you to harm you." Doc. 102-1, Abdulahad Dep. 56:10–12.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 97 is admitted.**

98. Abdulahad asserted his privilege against self-incrimination in response to the question: "Throughout the period of time that you had contact with Mr. Phillips before he died on that evening, there was no point in time in which he had any object held in his hand, other than the steering wheel; isn't that a fact?" Doc. 102-1, Abdulahad Dep. 51:16–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 98 is admitted.**

99. Abdulahad asserted his privilege against self-incrimination in response to the question: "When you fired your weapon and shot Mr. Phillips, both of Mr. Phillips's hands were on the steering wheel; were they not?" Doc. 102-1, Abdulahad Dep. 39:2–4.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 99 is admitted.**

100. Abdulahad asserted his privilege against self-incrimination in response to the question: "At the time of the shooting – excuse me. At the time that you shot

Mr. Phillips, Mr. Phillips was not reaching, with his right hand, to anything. And indeed his right hand was on the steering wheel; was it not?" Doc. 102-1, Abdulahad Dep. 39:9–13.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 100 is admitted.**

101. Abdulahad asserted his privilege against self-incrimination in response to the question: "You did not see a gun inside of the interior of the Phillips car before you fired your weapon, did you?" Doc. 102-1, Abdulahad Dep. 38:20–22.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 101 is admitted.**

102. Abdulahad asserted his privilege against self-incrimination in response to the question: "It is a fact, is it not, that Mr. Phillips was not reaching with his right hand to anything at the time that you shot him?" Doc. 102-1, Abdulahad Dep. 39:24–40:1.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 102 is admitted.**

103. Phillips' car came to a complete stop before Abdulahad exited it. Doc. 102-7, Robeson-El Dep. Vol. 1 at 75:16–19.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 103 is admitted.**

104. After Abdulahad exited the car, he did not appear to be injured. Doc. 102-8, Robeson-El Dep. Vol. 2 at 7:3–5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 104 is admitted.**

105. After Abdulahad exited the car, he said to Robeson-El, "I shot him." Abdulahad then claimed that Phillips had a gun. Doc. 102-7, Robeson-El Dep. Vol. 1 at 60:25–61:2; Doc. 102-8, Robeson-El Dep. Vol. 2 at 8:11–9:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 105 is admitted.**

106. Abdulahad asserted his privilege against self-incrimination in response to the question: "Did you tell Officer Roberson-El, on the night of the 26th, that you had seen a gun inside of the Phillips car before you shot him?" Doc. 102-1, Abdulahad Dep. 38:13–15.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 106 is admitted.**

107. Abdulahad asserted his privilege against self-incrimination in response to the question: "When you first reported the fact of the shooting, you did not report

that you had ever seen a gun, other than your own; isn't that a fact? Doc. 102-1, Abdulahad Dep. 36:22–24.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 107 is admitted.**

### *Position of Phillips after the shooting*

108. When Abdulahad shot Phillips, his feet were on the car's brake. *See* Exhibits 11, 12 (showing the state of the car at the time of the arrival of the GBI)

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 108 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

109. When Abdulahad shot Phillips, the emergency brake of the car was engaged. *See* Exhibit 7 (showing the state of the car at the time of the arrival of the GBI).

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 109 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

110. The transmission of the car was in park. *See* Exhibit 5 (showing the state of the car at the time of the arrival of the GBI).

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 110 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

111. Robeson-El did not place the transmission of Phillips' car into park after the shooting. Doc. 102-7, Robeson-El Dep. Vol. 1 at 73:6–19.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 111 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

### *Firefighters and EMS arrive*

112. The City of Atlanta Fire Department responded to a call that a person had been shot at the Annex. Doc. 102-4, Glover Dep. 23:6–21.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 112 is admitted.**

113. The unit that responded was led by Lieutenant Glover, who was a paramedic who supervised three emergency medical technicians. Doc. 102-4, Glover Dep. 10:24–11:4.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 113 is admitted.**

114. Glover's unit was the first emergency response unit to arrive on the scene. Doc. 102-4, Glover Dep. 23:22–24:4, 24:15–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 114 is admitted.**

115. After the arrival of Glover's unit, an officer directed them to Phillips' vehicle. Doc. 102-4, Glover Dep. 24:15–20.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 115 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

116. When Glover arrived at Phillips' car, Glover approached the passenger side of the car. Doc. 102-4, Glover Dep. 25:15–26:15, 28:6–10.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 116 is admitted.**

117. When Glover arrived at the car, the driver side door was open. Doc. 102-4, Glover Dep. 28:24–29:8; Exhibit 14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 117 is admitted.**

118. Lt. Glover had a clear view inside Phillips' car. Doc. 102-4, Glover Dep. 30:5–13.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 118 as it does not comply with L.R. 56.1(B)(3) and (B)(1).**

119. As Lt. Glover approached, one of his purposes was to assess the scene to make sure it was safe for him and his personnel, which specifically included checking to determine whether any guns were present. Doc. 102-4, Glover Dep. 30:20–31:7.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 119 is admitted.**

120. Lt. Glover specifically looked for, and did not see, any gun in the front passenger area of the car. Doc. 102-4, Glover Dep. 31:8–17. Although he was immediately adjacent to Phillips' body when he arrived at the car, Glover has no recollection of smelling any marijuana. Doc. 102-4, Glover Dep. 40:10-12.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 120 as it does not comply with L.R. 56.1(B)(3) and (B)(2)(a)(1).**

*Atlanta Police Department control the scene until GBI arrives*

121. The scene of the shooting was controlled by Atlanta Police for about an hour prior to the arrival of the GBI. Doc. 102-6, Nixon Dep. 16:11–15.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 121 is admitted.**

122. City of Atlanta policy requires that officers ensure that a crime scene remains undisturbed to the maximum extent possible. Doc. 102-6, Nixon Dep. 17:10–13.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 122 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

123. Anything that is moved or disturbed a crime scene has to be logged, documented, and communicated to the investigator in charge of the scene. Doc. 102-6, Nixon Dep. 17:14–18.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 123 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

124. The role of the APD includes that any movement of the scene that occurs prior to the arrival of the GBI, and any activity that occurs before the arrival of the GBI, is reported to the GBI. Doc. 102-6, Nixon Dep. 20:13–24.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 124 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

125. If EMS or other first responders opened the front driver's side door of Phillips' car, that fact would have been noted and reported to the GBI. Doc. 102-6, Nixon Dep. 22:3–17.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 125 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

126. The only role of APD after an officer-involved shooting is to secure the scene and deal with any exigency that might be present, but otherwise the role is limited to preserving the scene for the GBI. Doc.102-6, Nixon Dep. 19:24–20:5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 126 is admitted.**

127. Pursuant to official policy, the entire parking lot was regarded as a crime scene. Doc. 102-6, Nixon Dep. 18:14–19:3.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 127 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

128. Officers at a crime scene are to separate witnesses so that witnesses are not able to communicate with each other prior to being interviewed. Doc. 102-6, Nixon Dep. 17:19–22.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 128 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

129. Lt. Colberson [sic] was the first one on the scene after the shooting and separated Abdulahad and Robeson-El. Doc. 102-8, Robeson-El Dep. Vol. 2 at 25:6–13.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 129 is admitted.**

130. Officers are to oversee the actions of any first responders and document any way in which the actions of the first responders disturb the crime scene. Doc. 102-6, Nixon Dep. 17:23–18:2.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 130 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

131. Abdulahad asserted his privilege against self-incrimination in response to the question: "After you got out of the Phillips car, after you had shot him, you went back into the car; did you not?" Doc. 102-1, Abdulahad Dep. 49:5–7.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 131 is admitted.**

132. Abdulahad asserted his privilege against self-incrimination in response to the question: "Where in the car did you go after you went into it?" Doc. 102-1, Abdulahad Dep. 49:9–10.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 132 is admitted.**

133. Abdulahad asserted his privilege against self-incrimination in response to the question: "Did you see Roberson-El go into the car after you had exited it after you had shot him?" Doc. 102-1, Abdulahad Dep. 49:16–17.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 133 is admitted.**

### *GBI arrives and photographs the scene*

134. Both the driver and passenger side door of the Malibu were open when the GBI arrived on the scene. Ellis Dep. 32:13–19.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 134 is admitted.**

135. When the GBI arrived, the vehicle driven by Phillips was still running. Doc. 102-6, Nixon Dep. 21:18–22:2.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 135 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

136. The car engine was still running when the GBI arrived on the scene. Ellis Dep. 31:21–32:2.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 136 is admitted.**

137. The car's emergency brake was engaged when the GBI arrived on the scene. Ellis Dep. 32:7–8; Exhibit 7.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 137 is admitted.**

138. The GBI did not document the presence of any ashes or burnt leafy material in the Malibu. Ellis Dep. 34:13–17.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 138 is admitted.**

139. The GBI relied on the Atlanta Police Department to secure the scene of the shooting prior to the arrival of the GBI. Ellis Dep. 50:15–52:9.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 139 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

140. The GBI photographed a gun on the floor in front of the front passenger seat of the car which is plainly visible. *See* Doc. 104-1, Ex.14.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 140 as it does not comply with L.R. 56.1(B)(1).**

### *Abdulahad's statements to GBI investigator at the scene*

141. Officer Abdulahad did not tell the GBI investigator at the scene that he saw Phillips reach for a gun when he explained why he shot. Phillips. Doc. 96-2 at 13.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 141 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

142. Officer Abdulahad did not tell the GBI investigator at the scene that he was stretched out across the vehicle, trying to hold on, while Phillips was driving. Doc. 96-2 at 13.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 142 is admitted.**

### *Abdulahad's reaction to the shooting*

143. On the evening of the shooting, shortly after shooting and killing Phillips, Abdulahad texted his wife saying, "I just shot someone" at 8:03 p.m. *See* Exhibit 6, Samsung SM-G935P Galaxy S7 edge2018-01-29Report at 3710.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 143 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

144. At 9:56 p.m., Abdulahad's wife texted him "Take a selfie IM SERIOUS!!!!!!" *See* Exhibit 6, Samsung SM-G935P Galaxy S7 edge2018-01-29Report at 3713.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 144 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

145. Abdulahad took a photo of himself and texted it to his wife at 10:00 p.m. along with the message "You know we doin some freakie shit tonight . . ." *See* Exhibit 6, Samsung SM-G935P Galaxy S7 edge2018-01-29Report at 3713.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 145 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

146. Abdulahad's wife then texted back "HELL YEAH!!!" along with her own selfie. *See* Exhibit 6, Samsung SM-G935P Galaxy S7 edge2018-01-29Report at 3713.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 146 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

### *Abdulahad and Robeson-El's continue communicating after the shooting*

147. Abdulahad and Robeson-El were partners and became friends after they were assigned to be part of the APD gun unit. Doc. 102-7, Robeson-El Dep. Vol. 1 at 49:22–50:12.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 147 is admitted.**

148. Robeson-El and Abdulahad were partners since the founding of the APD's Gun Unit. Doc. 102-7, Robeson-El Dep. Vol. 1 at 51:5–10.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 148 is admitted.**

149. Robeson-El and Abdulahad used the same vehicle for their official duties and "chose to ride together." Doc. 102-7, Robeson-El Dep. Vol.1 at 51:13–20.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 149 is admitted.**

150. After the shooting, Abdulahad and Robeson-El were separated and Robeson-El was moved to work in a different zone. Doc. 102-7, Robeson-El Dep. Vol. 1 at 52:17–23, 53:11–14.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 150 is admitted.**

151. In spite of that, Robeson-El continued to communicate with Abdulahad. Doc. 102-7, Robeson-El Dep. Vol. 1 at 54:11–13, 52:17–19.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 151 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

152. Robeson-El and Abdulahad continued to socialize after the shooting. Doc. 102-7, Robeson-El Dep. Vol. 1 at 54:1–13.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 152 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

153. APD policy required that Abdulahad and Robeson-El should not have contact with each other following the shooting, but they disregarded that policy and continued to contact each other. Doc. 102-7, Robeson-El Dep. Vol. 1 at 81:3–17.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 153 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

154. Robeson-El and Abdulahad continued to communicate with each other even after being specifically told not to do so. Doc. 102-7, Robeson-El Dep. Vol. 1 at 82:23–83:7.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 154 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

155. Abdulahad was sworn to follow the rules of the City of Atlanta police department. Doc. 102-1, Abdulahad Dep. 29:7–13.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 155 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

156. One of the rules of the police department was that he must obey all lawful orders of his supervisors. Doc. 102-1, Abdulahad Dep. 29:14–20.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 156 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

157. During the investigation into Abdulahad's conduct, he was not permitted to contact any witness concerning the allegations or the existence of facts of a complaint. Doc. 102-1, Abdulahad Dep. 30:3–14.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 157 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

158. Abdulahad continued to have contact with Robeson-El after the shooting. Doc. 102-1, Abdulahad Dep. 31:11–832:7.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 158 because the evidence is not material and, therefore, it does not comply with L.R. 56.1(B)(3).**

*Abdulahad's statements to Internal Affairs and evolving story*

159. After the shooting, Abdulahad knew there would be an internal affairs investigation by the City of Atlanta and that his testimony could be pivotal in the outcome of that investigation. Doc. 102-1, Abdulahad Dep. 33:14–34:16.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 159 is admitted.**

160. Abdulahad testified that he was honest with investigators when he provided his initial description of the incident and reported every fact he recalled about the incident. Doc. 102-1, Abdulahad Dep. 34:18–35:5.

**RESPONSE: Plaintiff's Statement of Additional Material Fact No. 160 is admitted.**

161. Abdulahad stated that he was never inside the vehicle with the door closed. Doc. 104-1, Ex. 13, Abdulahad APD Interview Transcript at 5:222–224.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 161 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

162. Abdulahad stated he was never sitting upright in the passenger seat of the car. Doc. 104-1, Ex. 13, Abdulahad APD Interview Transcript at 6:226–232.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 162 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

163. Abdulahad stated that he was stretched out across the vehicle trying to hold on. Doc. 104-1, Ex. 13, Abdulahad APD Interview Transcript at 6:234–240.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 163 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

164. Abdulahad stated that as the vehicle pulled from the parking space, Abdulahad was continuously trying to hold on and that Phillips was reaching for a gun on the floor board of the passenger seat the entire time. Doc. 104-1, Ex. 13, Abdulahad APD Interview Transcript at 7:313–8:317.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 164 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

165. Abdulahad stated that Phillips was back and forth between looking straight ahead and looking down and reaching for a run when Abdulahad shot him. Doc. 104-1, Ex. 13, Abdulahad APD Interview Transcript at 7:313–8:317.

**RESPONSE: Detective Abdulahad objects to Plaintiff's Statement of Additional Material Fact No. 165 because the evidence does not support the fact and, therefore, it does not comply with L.R. 56.1(B)(3).**

This 13th day of December, 2021.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorney for Defendant***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,<br><br>**Plaintiffs,**<br><br>v.<br><br>YASIN ABDULAHAD,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>) 1:19-cv-00401-MHC<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the following:

- *DEFENDANT YASIN ABDULAHAD'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS*

via the CM/ECF Electronic Filing System upon:

G. BRIAN SPEARS, ESQ.
Spears & Filipovits, LLC
1126 Ponce de Leon Avenue
Atlanta, GA 30306


L. CHRIS STEWART, ESQ.
Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182

Atlanta, GA 30318

This 13th day of December, 2021.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorney for Defendant***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657