# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>)<br>) |
| v. | ) **CIVIL ACTION FILE NO.**<br>) **1:19-cv-00401-MHC**<br>) |
| **YASIN ABDULAHAD,** | )<br>)<br>) |
| **Defendant.** | ) |

## DEFENDANT YASIN ABDULAHAD'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Defendant Yasin Abdulahad ("Detective Abdulahad"), by and through the undersigned counsel, and files his Reply in Support of Motion for Summary Judgment and Brief in Support. The material facts that are not in dispute demonstrate that Detective Abdulahad is entitled to dismissal of all claims against him as a matter of law.

### I.   MATERIAL FACTS THAT ARE NOT IN DISPUTE

It is undisputed that marijuana was found on Mr. Phillips' person and in Mr. Phillips' system on January 26, 2017.[1] It is also undisputed that Mr. Phillips

---

[1] Doc. 104-16, 15.

1

maneuvered his way into the driver's seat of the Chevy Malibu and left the parking space with Detective Abdulahad in the vehicle.[2] Furthermore, a gun was found in the vehicle partially underneath the passenger seat in which Mr. Phillips had originally been seated.[3]

## II.  ARGUMENT AND CITATION TO AUTHORITY

The Eleventh Circuit has long held that the smell of marijuana coming from a person's house or vehicle establishes probable cause for a search.[4] Even if an officer is outside of the home or vehicle, the smell of marijuana emanating from the home or vehicle is sufficient to establish probable cause.[5] Where the decision to allow access to the smell of the marijuana is voluntary, an individual is "deemed to have consented to the [officer's] smelling of the marijuana".[6]

Additionally, in the Eleventh Circuit:

> Deadly force is "reasonable" for the purposes of the Fourth Amendment when an officer "(1) 'has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer of to others' or 'that he has committed a crime involving the infliction or threatened infliction of serious physical harm;' (2) reasonably

---

[2] Doc. 96-2, 4.
[3] Doc. 102-2, 55: 1 – 21.
[4] *Merricks v. Adkisson*, 785 F.3d 553, 560 n. 3 (11th Cir. 2015); *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991); *United States v. Rivera*, 595 F.2d 1095, 1098-99 (5th Cir. 1979).
[5] *Tobin*, 923 F.2d at 1510.
[6] *Id.* at 1512.

believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force, if feasible.[7]

"The 'reasonableness' inquiry in an excessive force case is an objective one; the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, within regard to his underlying intent or motivation."[8] "It is constitutionally reasonable for an officer to use deadly force when he has probable cause to believe that his own life is in peril."[9] "Furthermore, under Georgia law, a law enforcement officer is justified in using deadly force to prevent death or great injury to himself/herself or to third parties."[10]

In the present case, the circumstances that Detective Abdulahad faced precipitated the use of deadly force to prevent his own death or great injury.[11] After smelling the odor of marijuana emanating from the vehicle, possibly from the jacket pocket of Mr. Phillips that contained marijuana, Detective Abdulahad not only had reasonable articulable suspicion to detain Mr. Phillips, be he also had probable cause to search him.[12] Shortly after beginning the process of lawfully detaining Mr.

---

[7] *Robinson v. Arrugueta*, 415 F.3d 1252, 1255 (11th Cir. 2005).
[8] *Id*. (citing *Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004)).
[9] *Id*. at 1256.
[10] *Id*. (citing O.C.G.A. §§ 16-3-23 and 17-4-20).
[11] *Id*.
[12] Doc. 104-16, 15; *Tobin*, 923 F.2d at 1510.

3

Phillips, not only was Detective Abdulahad faced with being held captive in a vehicle that he could not easily escape from, but he was also faced with the threat of a weapon in the vehicle.[13] Even without the threat of a weapon, the use of deadly force in this situation was justifiable because a reasonable officer trapped in a car with an individual who has driven past an exit without stopping to let the officer out would reasonably fear for their safety.[14] Thus, as a matter of law, summary judgment in Detective Abdulahad's favor is appropriate.

### III. CONCLUSION

Detective Abdulahad is entitled to qualified immunity because he did not violate Mr. Phillips' rights. Detective Abdulahad was authorized to use deadly force to defend himself against the peril that he reasonably perceived. Faced with the reality of being taken against his will by an individual with access to a weapon, Detective Abdulahad made the lawful choice to defend himself against the threat of serious bodily injury, or death. Thus, summary judgment in his favor is warranted.

This 13th day of December, 2021.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney

---

[13] Doc. 96-2, 4; Doc. 102-2, 55: 1 – 21.
[14] *Robinson*, 415 F.3d at 1255.

Georgia Bar No.  601594
(404) 546-4083 *Direct*
sjmiller@atlantaga.gov

***Attorneys for Defendant***

**CITY OF ATLANTA – DEPARTMENT OF LAW**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5756

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) **CIVIL ACTION FILE NO.** ) **1:19-cv-00401-MHC** ) |
| **YASIN ABDULAHAD,** | ) ) ) |
| **Defendant.** | ) |

## CERTIFICATION

Counsel for the Defendant hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

**RESPECTFULLY SUBMITTED**,

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorneys for Defendant***

6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEAUNNA PHILLIPS, Plaintiff, by and through her Mother, SPARKLE STIDWELL, as next friend,<br><br>      Plaintiffs,<br><br>v.<br><br>YASIN ABDULAHAD,<br><br>      Defendant. | CIVIL ACTION FILE NO.<br>1:19-cv-00401-MHC |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the following:

- ***DEFENDANT YASIN ABDULAHAD'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT***

via the CM/ECF Electronic Filing System upon:

G. BRIAN SPEARS, ESQ.
Spears & Filipovits, LLC
1126 Ponce de Leon Avenue
Atlanta, GA 30306

L. CHRIS STEWART, ESQ.
Stewart Trial Attorneys
2020 Howell Mill Road, NW
Suite D-182
Atlanta, GA 30318

7

This 13th day of December, 2021.

                                          **RESPECTFULLY SUBMITTED,**

                                          */s/ Staci J. Miller*
                                          **STACI J. MILLER**
                                          Attorney
                                          Georgia Bar No. 601594
                                          Phone: 404-546-4083
                                          Email: sjmiller@atlantaga.gov
                                          ***Attorney for Defendant***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657